UNITED STATES of America, Appellee,

v.

Charles TOMAIOLO, Defendant-Appellant.

No. 312, Docket 30923.

United States Court of Appeals
Second Circuit.

Submitted Jan. 18, 1967.

Decided May 24, 1967.

Robert Kraft, Asst. U. S. Atty., Brooklyn, N. Y. (Jerome C. Ditore, Asst. U. S. Atty., and Joseph P. Hoey, U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., on the brief), for appellee.

Charles Tomaiolo, defendant-appellant, pro se.

Before MEDINA, ANDERSON and FEINBERG, Circuit Judges.

MEDINA, Circuit Judge.

This is the most recent of a long series of appeals to this Court arising out of the armed robbery of the State Bank of Suffolk, in Brentwood, Long Island. We affirmed the conviction of Abraham Nirenberg whose trial was severed. United States v. Nirenberg, 242 F.2d 632 (2 Cir. 1957), cert. denied, 354 U.S. 941, 77 S.Ct. 1405, 1 L.Ed.2d 1539. The reversal of the first conviction of Charles Tomaiolo was not based on any insufficiency of the evidence, as was specifically commented on in both the majority and dissenting opinions. United States v. Tomaiolo, 249 F.2d 683 (2 Cir. 1957). During Tomaiolo's second trial Louis Soviero pleaded guilty. The fourth trial of Tomaiolo again resulted in a conviction and we affirmed. United States v. Tomaiolo, 317 F.2d 324 (2 Cir. 1963), cert. denied, 375 U.S. 856, 84 S.Ct. 119, 11 L.Ed.2d 83. He now seeks to attack that conviction collaterally under 28 U.S.C., Section 2255 because of alleged suppression of evidence and denial of counsel. The application below was denied without an evidentiary hearing and Tomaiolo appeals. We find no merit in his contentions and affirm.

I.

The robbery itself was committed by two men, one of whom was Abraham Nirenberg. The prosecution claimed the other armed robber was appellant Tomaiolo. A third conspirator was Louis Soviero, who was to provide a stolen car for the getaway and was also to participate in the robbery. At the last minute Soviero refused to go and he was not actually present at the bank when the hold-up took place. He did, however, consent to the use of the Buick which he had supplied. Shortly after the rob-

**28**

bery, Soviero and Nirenberg left New York and travelled together throughout the South.

After he pleaded guilty during Tomaiolo's second trial Soviero testified before the Grand Jury. He did not, however, testify at Tomaiolo's fourth trial and thus this Grand Jury testimony was not turned over to the defense. Tomaiolo claims that the following excerpt from that testimony, which relates to conversations between Soviero and Nirenberg on their Southern trip, would have aided his defense and that by not making this testimony available to him, the Government unlawfully suppressed evidence:

> Q. [The Prosecutor] Did he [Nirenberg] ever tell you when discussing this case while you were traveling with him, who went on the job with him to take your place? A. [Soviero] He never actually said so, but it seemed to be understood that it was the fellow that he had introduced me to on Saturday.

> Q. But that would still only leave two men? A. It leaves Al Nirenberg and this fellow, Chappy. (Grand Jury Minutes of May 29, 1958, pages 26–27.)

The thrust of this testimony, of course, was that Nirenberg's accomplice was not Tomaiolo but "Chappy." The Government brought Nirenberg on from Alcatraz and as a defense witness he testified that the second man was not Tomaiolo but another person whom he refused to identify.

 While the rule applicable to the granting of writs of habeas corpus for lack of due process by reason of suppression of evidence by the prosecutor apparently is in process of liberalization, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406 (1935); Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d

737 (1967), cf. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1960), we discern no reason to suppose an extension of the present rule to include the failure of a prosecutor to call to the attention of the defense evidence that is wholly lacking in probative force because of its speculative quality. Soviero did not testify that Nirenberg told him who the second robber was nor does he in any way explain his surmise that "Chappy" was the man.

To obtain a new trial a convicted defendant must, moreover, show more than the suppression of evidence. The evidence must also be shown to be material and of some substantial use to the defendant. Had Soviero been called by either side as a witness he could have contributed nothing on the issue of identification as he was not present at the hold-up; and Tomaiolo had the full benefit of Nirenberg's exculpatory testimony to the effect that the second robber was not Tomaiolo.

### II.

When Tomaiolo was arrested by the New York police he was held for several hours without the assistance of counsel. During this period he was identified by employees of the bank as the second man in the robbery, not in a line-up but in a face to face confrontation. Tomaiolo alleges that his detention was illegal, principally because he was unconstitutionally denied his right to counsel, and that the identification was an illegal fruit of this denial.

 Aside from the constitutional question, the legality of Tomaiolo's detention was raised and decided adversely to him on the direct appeal of his fourth conviction, 317 F.2d 324, 326, and may not be relitigated. The claim of denial of counsel arises under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but under Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the decision in *Escobedo* is not applied retroactively and, therefore, is not available to Tomaiolo. It follows

that he also cannot complain of the identification for in U. S. ex rel. Stovall v. Denno, 355 F.2d 731 (2 Cir. 1966) (en banc), cert. granted, 384 U.S. 1000, 86 S.Ct. 1983, 16 L.Ed.2d 1014, this Court held that at least in cases where *Escobedo* did not apply, a face to face identification of an accused in the absence of his counsel was not objectionable.

Affirmed.