**Frank SHERBICKI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 73 Civ. 3852–LFM.**

United States District Court, S. D. New York.

Nov. 26, 1973.

Frank Sherbicki, pro se.

Paul J. Curran, U. S. Atty., Southern District of New York (Richard I. Wile, Asst. U. S. Atty., Southern District of New York, of counsel), for respondent.

## OPINION

MacMAHON, District Judge.

This a motion under 28 U.S.C. § 2255 by Frank Sherbicki ("petitioner") to vacate a twelve-year prison sentence* imposed upon him by this court on June 2, 1969 upon his conviction for conspiracy to violate the narcotics laws [1] following a two-week trial which began on March 3 and ended March 14, 1969.

The files and records of the court show that petitioner was arrested on March 13, 1961 on a complaint charging the narcotics conspiracy upon which he was ultimately convicted. Petitioner was then released on his own recognizance by the Commissioner, and between March 13, 1961 and September 30, 1964, when the indictment charging him and eleven others with conspiracy to violate the federal narcotics laws was filed, petitioner's case was adjourned forty-four

---

* We recommended that the twelve-year sentence be served concurrently with the sentence petitioner was then serving at Clinton Prison, Department of Correction, Dannemora, New York.

1. Title 21, United States Code, Sections 173 and 174 (repealed by Pub.L. 91–513, Title III, § 1101(a)(2), (4), October 27, 1970, 84 Stat. 1291, effective May 1, 1971).

times on the Commissioner's calendar without opposition.

In the interim, in January 1964, petitioner shot co-defendant Joseph Armone and disappeared. He was a fugitive when the indictment was filed and remained a fugitive during the trial of six of his eleven co-defendants from May 3, 1965 to June 22, 1965.

Petitioner was apprehended on August 21, 1965, pleaded not guilty, and was enlarged on $100,000 bail. This court was then operating under the master calendar system, and we had been assigned to the criminal trial part for the month of October 1965. The Judge assigned to the criminal calendar part, on October 22, 1965, assigned the case to us. However, due to prior trial commitments we were unable to reach the case and promptly returned it to the calendar part for reassignment.

On December 23, 1965, Judge Tenney denied a motion by petitioner to dismiss the indictment for denial of a speedy trial, and a second motion for the same relief was denied by Judge Sugarman on March 25, 1966.

On motion of the government and without objection, petitioner was released from federal custody on July 8, 1966, enlarged on his own recognizance, and the case marked off the trial calendar. Petitioner was then taken into state custody, pleaded guilty to assaulting Joseph Armone, and commenced service of a state sentence of from five to ten years' imprisonment. During the ensuing two years, petitioner made no motion for a speedy trial. The case was again assigned to us on November 27, 1968 for trial in March 1969. On December 12, 1968, Judge Bonsal denied a third motion for a speedy trial on the ground that the case had been assigned for trial in March.

Trial of petitioner and three of his co-defendants [2] commenced before us on March 3, 1969. Petitioner, at the opening of the trial, again moved for dismissal for denial of a speedy trial and requested a hearing. We declined to interrupt the trial at that stage (see Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 84 L.Ed. 307 (1939)) and ruled that a hearing would be held after the trial, if necessary. The motion was renewed after trial, but we were obliged to disqualify because counsel represented that we would be called as a witness (see 28 U.S.C. § 455). Consequently, the motion was referred to Judge Wyatt who ruled that a hearing was not required and on April 15, 1969 denied the motion as frivolous. The motion was then referred back to us and denied on June 2, 1969.

The files and records of the court thus show that the grounds which petitioner now urges as a basis for collateral relief were rejected on the merits by five judges of this court.

Petitioner appealed from the judgment of conviction entered against him on June 2, 1969. The record and briefs on appeal show that the primary ground for reversal asserted by petitioner on direct review was that he had been denied a "speedy trial." The Court of Appeals, finding no unreasonable delay in providing a trial under all of the circumstances, rejected petitioner's claim and affirmed the judgment of conviction sub nom., United States v. Guanti, 421 F.2d 792, 798, 800 (2d Cir.), cert. denied, 400 U.S. 832, 91 S.Ct. 65, 27 L.Ed.2d 64 (1970).

■ Petitioner now contends anew that he was denied his constitutional rights under the Sixth Amendment to a speedy trial and "to call witnesses in his behalf." As we have shown, these

---

2. Co-defendant Arnold Romano was arrested on March 3, 1961, arraigned and released on $5,000 bail. He jumped bail and was also a fugitive during the first trial. He was recaptured on July 22, 1966, was tried and convicted for bail jumping on March 20, 1968 and sentenced to five years' imprison-

ment. Co-defendants Guanti and Dominick Romano were also fugitives until after the first trial and were not apprehended until April and June 1968, respectively. Two other defendants, Cahill and Ricucci, were also fugitives until after the first trial and were severed prior to the second trial.

claims have been fully raised and rejected on direct review and are, therefore, foreclosed now as a basis for collateral relief.

Grounds raised and rejected on direct review cannot be relitigated by an application for collateral relief brought under 28 U.S.C. § 2255. Townsend v. Sain, 372 U.S. 293, 313, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States v. Tomaiolo, 378 F.2d 26, 28 (2d Cir.), cert. denied, 389 U.S. 886, 88 S.Ct. 159, 19 L.Ed.2d 184 (1967).

Our earlier denial of petitioner's fifth motion to dismiss the indictment for alleged denial of a speedy trial was based on our conviction from the irrefutable facts that the last thing petitioner wanted was a trial, "speedy" or otherwise. He never demanded a "speedy trial" until trial appeared imminent. His demands were transparently insincere. Thus, his first two motions to dismiss the indictment for lack of a speedy trial were not made until the case was on the trial calendar. In July 1966, the case was marked off the trial calendar, without objection, and petitioner, more than content to let sleeping dogs lie, made no further feints at a speedy trial until November 8, 1968, when trial again appeared imminent, the case having been restored to the trial calendar in August 1968.

Petitioner's claim that he was denied the right "to call witnesses on his behalf" is also untenable. The Court of Appeals determined that any delay in bringing this case to trial was the fault not of the prosecutor but of the petitioner's own flight from an earlier trial and his failure to demand a speedy trial. The dispersal of any of petitioner's witnesses in the interim between his arrest and trial is also clearly attributable to petitioner.

Finally, petitioner fails to make a sufficient factual showing that he was denied the right "to call witnesses in his behalf." Nowhere does he identify a single witness, much less demonstrate the materiality of their "lost" testimony.

Petitioner's next claim, that his release from federal custody into state custody on July 8, 1966 divested this court of jurisdiction to sentence him, is frivolous. Petitioner did not object to the government's application to release him on his own recognizance and, at the time, he was unmistakably informed by the court that his release was conditional and that he would be required to appear in this court when necessary. Petitioner acknowledged that he understood the conditions of his release and that he would observe them.

Petitioner's remaining claim is that he is entitled to credit against his federal sentence for time spent in state custody.

Title 18, United States Code, Section 3568 provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. * * * * "

As we have seen, petitioner was released from federal custody into state custody on July 8, 1966 because he had been convicted and sentenced by the state court for assault based on his act of shooting Joseph Armone in January 1964. The sentence imposed by this court on June 2, 1969 was for conspiracy to violate the federal narcotics laws. Thus, the time spent in state custody was for a separate and distinct offense based on an act having no connection with the offense or acts for which petitioner was convicted and sentenced in this court.

Petitioner apparently received jail credit on his state sentence for time spent in state custody and there is no showing that he lost any credit on that sentence because of his involvement in

the federal narcotics case. Allowing credit for time spent in state custody under such circumstances would be "tantamount to double time," a result our Court of Appeals condemned as "absurd" in Siegel v. United States, 436 F. 2d 92, 95 (2d Cir. 1970). See also Jefferson v. United States, 389 F.2d 385 (2d Cir. 1968). We hold, therefore, that petitioner is not entitled to credit against his federal sentence for time spent in state custody from July 8, 1966 to June 2, 1969.

Accordingly, petitioner's motion is denied in all respects. This court will not authorize an appeal in forma pauperis under 28 U.S.C. § 1915(a), and under the cited section certifies herewith that any appeal is not taken in good faith. In this context, good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

So ordered.