No. 13034

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RONALD LEE CRAIG,

Defendant and Appellant.

---

Appeal from: District Court of the Tenth Judicial District,
Honorable LeRoy McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Floyd A. Brower argued, Roundup, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz, Assistant Attorney General,
argued, Helena, Montana
William A. Spoja, Jr. County Attorney, Lewistown,
Montana

---

Submitted: December 12, 1975

Decided: JAN 19 1976

Filed: JAN 19 1976

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict entered in the district court, Fergus County, finding defendant guilty of a felony--sexual intercourse without consent.

A complaint was filed in Lewistown justice court on April 3, 1974, charging defendant with a violation of section 94-5-503, R.C.M. 1947, sexual intercourse without consent, a felony. On April 5, 1974, an information was filed in Fergus County district court charging defendant with the offense.

On February 13, 1975, defendant moved the district court for a change of venue due to adverse pretrial publicity. The district court denied the motion.

On March 10, 1975, defendant moved the district court for production of certain physical evidence. The district court granted the motion. When the State was unable to produce the evidence, defendant moved the district court to dismiss the information due to denial of due process. The district court denied the motion.

Trial commenced on March 12, 1975. After the State's first witness had been sworn and testimony given, defendant, in chambers, moved the district court to dismiss the case on the grounds that section 94-5-503, R.C.M. 1947, was an unconstitutional denial of equal protection of the laws. The district court denied the motion on March 13, 1975.

On March 14, 1975, the jury found defendant guilty as charged. The district court subsequently sentenced defendant to ten years in the state penitentiary.

Defendant appeals the conviction and sentencing.

Two issues are presented for consideration by this Court:

1. Whether the district court should have granted the motion to dismiss due to the State's failure to produce certain

physical evidence.

2.  Whether section 94-5-503, R.C.M. 1947, unconstitutionally deprived him of equal protection of the laws.

Defendant contends the State's failure to produce certain physical evidence denied his right to a fair trial and due process of law as required by the Fourteenth Amendment to the United States Constitution.

The State, although under order of the district court, was not able, due to negligent loss, misplacement or destruction, to produce the following physical evidence: all pieces of the nightgown owned by the complaining witness, the bedsheet and pillowcase from the complaining witness' residence, the panties worn by the complaining witness, and the shorts and longjohns owned and worn by defendant.

By not being able to produce the physical evidence it was contended, the State is in effect withholding or suppressing such evidence. Only intentional or deliberate suppression of evidence is a per se violation of due process sufficient to reverse or nullify a conviction. United States v. Keogh, 391 F.2d 138 (2nd Cir.). Negligent or passive suppression will overturn a conviction if prejudice can be shown by the suppression. United States v. Consolidated Laundries Corp., 291 F.2d 563 (2nd Cir.).

Generally, suppressed evidence must be material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L ed 2d 215. In order to amount to denial of due process, negligently suppressed evidence must be vital to the defense of the accused. United States ex rel. Thompson v. Dye, 221 F.2d 763 (3rd Cir.), cert.den. 350 U.S. 875, 76 S.Ct. 120, 100 L ed 773. To obtain a new trial, the accused must show more than suppression; he must show the evidence was material and of some substantial use to him. United States v. Tomaiolo, 378 F.2d 26

- 3 -

(2nd Cir.), cert.den. 389 U.S. 886, 88 S.Ct. 159, 19 L ed 2d 184. The suppressed evidence must be exculpatory, i.e., would have tended to clear the accused of guilt, to vitiate a conviction. Brady; Loraine v. United States, 396 F.2d 335 (9th Cir.), cert.den. 393 U.S. 933, 89 S.Ct. 292, 21 L ed 2d 270; Lee v. United States, 388 F.2d 737 (9th Cir.).

Negligent suppression requires a reversal of a conviction where the result would have been different had the evidence been disclosed. Simos v. Gray, 356 F.Supp. 265. In the instant case the result would not have been affected, one way or the other, by the introduction of the missing physical evidence. Photographs of the pillowcase, panties and bedsheet were introduced, without objection. A portion of the nightgown was introduced. The introduction into evidence of the actual objects was not vital to defendant's defense, as they were not of an exculpatory nature. The absence of the longjohns and shorts were not prejudicial, since the State never contended they had blood or semen, and the police chief even testified none was found. The Kansas Supreme Court found a similar request for introduction of shoes as "frivolous", where the footprints to be matched were not even contended to be those of the accused. State v. Ingram, 198 Kan. 517, 426 P.2d 98, 100. See, also, Hale v. State, 248 Ind. 630, 230 N.E.2d 432; State v. Counterman, 8 Ariz.App. 526, 448 P.2d 96.

A factual question arose regarding the pillowcase due to a caption on the back of the photograph of said pillowcase. The caption read: "Blood on pillow in bedroom". Defendant was satisfied that blood was found on the pillowcase, the only question was the source of the blood. The examining physician was unable to answer that question, as was the complainant. The introduction of the pillowcase would not have answered the question. Its introduction was not vital nor material to the defense.

- 4 -

Defendant cited a number of cases reversing convictions due to loss or destruction of evidence. These cases are all distinguishable. In re Cameron, 68 Cal.2d 487, 67 Cal.Rptr. 529, 439 P.2d 633, and United States v. Heath, 147 F.Supp. 877, aff'd 260 F.2d 623 (9th Cir.), dealt with the loss of evidence vital to the accused's defense; we have found the evidence in the instant case was not vital to the defense. Imbler v. Craven, 298 F.Supp. 795, dealt with the actual intentional suppression of exculpatory evidence. Application of Newbern, 175 C.A.2d 862, 1 Cal.Rptr. 80, dealt with the refusal of officers to allow the accused a blood test, at his own expense, to prove innocence of a drunk charge. In the instant case, the officers may have been negligent, but there is no evidence they refused defendant the exercise of any of his constitutional rights.

The district court was correct in denying the motion to dismiss for failure to produce the physical evidence.

The second issue pertains to the constitutionality of section 94-5-503(1), R.C.M. 1947, as worded prior to 1975.

Prior to the 1975 revision, section 94-5-503(1) read:

"A _male person_ who knowingly has sexual intercourse _without_ consent with a _female_ not his spouse commits the offense of _sexual_ intercourse without consent." (Emphasis added.)

Section 94-5-503(1) presently reads:

"A _person_ who knowingly has sexual intercourse _without_ consent with a _person_ not his spouse commits the offense of _sexual_ intercourse without consent." (Emphasis added.)

Defendant contends the pre-1975 version of the statute is an unconstitutionally arbitrary distinction based solely upon sex. It is argued the former section violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the equal protection provision of Article II, Section 4, 1972 Montana Constitution.

- 5 -

The United States Supreme Court in Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed 369, 377, has set down the following rules to test whether a classification is arbitrary and consequently denies equal protection of the laws:

> " * * * 1. The equal-protection clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

A State's right to make reasonable classifications was upheld by the Supreme Court in Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed 989, 990, wherein Mr. Justice Pitney said:

> "It is unnecessary to say that the 'equal protection of the laws' required by the 14th Amendment does not prevent the states from resorting to classification for the purposes of legislation. Numerous and familiar decisions of this court establish that they have a wide range of discretion in that regard. But the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. * * *"

In Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L ed 2d 225, the Supreme Court found unconstitutional the classification based on sex in the Idaho probate laws granting a preference to males over equally entitled females in administering estates. Applying the Royster Guano language, the Court found no rational relationship between the legislation and the objective sought.

See, also, Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L ed 2d 583.

In applying the Lindsley rules and the language in Royster Guano, we find the language of former section 94-5-503 is not arbitrary, and therefore is not an unconstitutional classification based on sex.

Some inequality existed in the law as written prior to the 1975 change. The Legislature recognized this fact and changed the law to prohibit acts by both men and women. The Lindsley rules allow such inequality, so long as there is some reasonable basis for the inequality.

Rape is not the only crime prescribed in section 94-5-503. The statute also includes all other forms of sexual relations without consent. Such actions could be committed by a woman as well as a man. The objective of the legislation was to prevent sexual attacks. Historically such attacks have been by men upon women. Even today the vast majority of violations of this type of statute are by males upon females. The Legislature is not able to correct all of the evils of society in one piece of legislation; that the legislation contains some inequality does not make it unconstitutional unless those similarly classified are treated differently or the classifications are arbitrary. Lindsley; State v. Ewald, 63 Wis.2d 165, 216 N.W.2d 213.

Defendant has not shown prejudice to him by the omission of women from the prohibitions of former section 94-5-503, R.C.M. 1947. He cannot claim that he is of the class which has been excluded from either protection or prosecution. On the contrary, he seeks to assert the rights of others to avoid punishment under a statute which he asserts is unconstitutional, but which would nevertheless subject him to liability even though extended to all persons. Bachtel v. Wilson, 204 U.S. 36, 27 S.Ct. 243, 51 L.Ed

357; State v. Sluder, 11 Wash.App. 8, 521 P.2d 971.

Even under the former section 94-5-503, R.C.M. 1947, a woman committing an act proscribed under that section would still be prosecutable for assault (section 94-5-201, R.C.M. 1947) or aggravated assault (section 94-5-202, R.C.M. 1947). If a woman was involved in the illegal action, other than as the victim, she could be prosecuted under section 94-2-107, R.C.M. 1947, as an aider and abetter; she could not escape prosecution and conviction because of her sex.

The district court was correct in denying defendant's motion to dismiss.

We affirm.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices