No. 82-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

WARREN K. PATTERSON,

Defendant and Appellant.

---

Appeal from:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Gary E. Wilcox argued, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
James McLean, Assistant Attorney General, argued,
Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana
Charles Bradley, Deputy County Attorney, argued,
Billings, Montana

---

Submitted:   February 28, 1983

Decided:   April 28, 1983

Filed:   APR 28 1983

Ethel M. Harrison
_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant, Warren Patterson, appeals his conviction of sexual intercourse without consent following a jury trial. We reverse the conviction and remand for a new trial.

The incident which gave rise to this prosecution occurred outside of Billings in the late evening/early morning hours of August 17-18, 1981. Detective Gary Hatfield of the Billings Police Department investigated the alleged offense.

Warren Patterson was named as a suspect in several anonymous tips. Hatfield went to Patterson's residence on August 19, 1981, and requested Patterson to accompany him to the police station for questioning. Patterson agreed. Hatfield read the Miranda warnings to Patterson twice prior to questioning. Patterson denied being the suspect for whom Hatfield was searching. A photograph of Patterson was taken for later use in a photographic line-up and Patterson was returned home.

Detective Hatfield submitted a report of his investigation on August 26, 1981. Regarding his interview of Patterson, Hatfield stated:

> "I asked him to come to the Police Station and he consented. I gave him his Rights and informed him of the situation. He told me that he had a lot of mental problems. That he tends to forget things yet he is certain that he was not responsible for the rape."

As a result of further investigation, Patterson was arrested September 21, 1981, and charged on September 24, 1981, with the crime of sexual intercourse without consent. An omnibus hearing was held, and the standard omnibus order was entered granting defendant "discovery of all oral, written or recorded statements made by defendant to

investigating officers or to third parties and in the possession of the State."

The prosecution interviewed Hatfield three times prior to trial and defense counsel interviewed him once. None of the interviews produced any information beyond that contained in the written report. After trial started, the prosecution learned that the interview by Hatfield of Patterson had been more extensive than the report indicated.

Defense counsel was immediately notified of the discrepancy. Hatfield was examined in chambers and it was determined that Patterson had specifically denied being in the locations or taking the routes where the victim claimed the attack and travel took place. He also denied having had intercourse with anyone that night. Defense counsel was unaware of Patterson's denials. He had proceeded to trial with a "consent" defense.

Patterson had also talked to Hatfield about his mental problems in more detail than the report indicated. He told Hatfield that he was having problems with smoking and the devil. His religious convictions were also discussed in detail.

Defendant moved for a motion in limine to prevent Hatfield from testifying that Patterson had stated he was not responsible for the rape or could not have committed it as he had been having mental problems. The court denied that motion but granted a motion to restrict any testimony regarding the devil and smoking or religious convictions. Patterson was found guilty of one count of sexual intercourse without consent.

During the trial, the victim was unable to account for her activities between 1:30 a.m., when defendant allegedly left her, and 3:57 a.m., when the police received the call

3

reporting the rape. After the trial results were published, Annette Hopkins informed defense counsel that defendant's story corresponded with an incident which had happened to her. Late one evening in mid-August, 1981, a young girl came to Ms. Hopkins' door and asked to use the phone. She phoned someone whom Ms. Hopkins assumed to be her brother and, in essence, stated: "Leave the patio doors open and don't let dad know I'm not home." Ms. Hopkins lives in the same area in which defendant allegedly left the victim.

Following his conviction, Patterson moved for a new trial based upon: (1) newly discovered evidence; and (2) the District Court having erred in allowing Hatfield's testimony since the defense was not given a summary of the complete interview prior to trial. The motion was denied.

Defendant now appeals his conviction and presents this Court with two issues for our reveiw:

1. Was the defendant prejudiced by the failure of the State to supply to defense counsel a complete summary of Detective Hatfield's interview with the defendant until mid-trial?

2. Did the District Court err in refusing to grant defendant's motion for a new trial based upon newly discovered evidence?

Our resolution of issue one renders issue two moot.

The law in Montana regarding the effect of suppression of evidence by the prosecution is found in State v. Craig (1976), 169 Mont. 150, 545 P.2d 649.

> "Only intentional or deliberate suppression of evidence is a per se violation of due process sufficient to reverse or nullify a conviction. United States v. Keogh, 391 F.2d 138 (2nd Cir.). Negligent or passive suppression will overturn a conviction if prejudice can be shown by the suppression. United States v. Consolidated Laundries Corp., 291 F.2d 563 (2nd Cir.)

"Generally, suppressed evidence must be material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. In order to amount to denial of due process, negligently suppressed evidence must be vital to the defense of the accused. United States ex rel. Thompson v. Dye, 221 F.2d 763 (3rd Cir.), cert. den., 350 U.S. 875, 76 S.Ct. 120, 100 L.Ed.773. To obtain a new trial, the accused must show more than suppression; he must show the evidence was material and of some substantial use to him. United States v. Tomaiolo, 378 F.2d 26 (2nd Cir.), cert. den., 389 U.S. 886, 88 S.Ct. 159, 19 L.Ed.2d 184. The suppressed evidence must be exculpatory, i.e., would have tended to clear the accused of guilt, to vitiate a conviction. Brady; Loraine v. United States, 396 F.2d 335 (9th Cir.), cert. den., 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270; Lee v. United States, 388 F.2d 737 (9th Cir.)" State v. Craig, supra at 153, 545 P.2d at 651. (emphasis supplied.)

These standards apply whether the prosecutor or the investigator is responsible for the suppression. Any prejudice suffered by the defendant remains the same in either circumstance. Barbee v. Warden, Maryland Penitentiary (4th Cir. 1964), 331 F.2d 842. Limiting the standards to suppression by the prosecutor might foster future suppression of evidence by investigating agencies.

The District Court summarily denied defendant's motion for new trial. Therefore, we have no way of knowing whether or not the District Court judge found suppression of evidence, and if he did, whether that suppression was determined to be negligent or intentional.

The court's failure to specifically characterize the suppression as negligent or intentional is irrevelant here because we find that Detective Hatfield suppressed evidence from defense counsel and that defendant was prejudiced by that suppression.

We reach this decision because of Hatfield's suppression of Patterson's remarks about smoking and the devil. Those remarks were indicative of mental illness. Had defense counsel been aware of Patterson's remarks prior to trial, he

5

would have had good reason to pursue an insanity defense. Therefore, that evidence was both material and exculpatory and its suppression was prejudicial to defendant. Pursuant to State v. Craig, supra, defendant's conviction is reversed and this case is remanded for a new trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

Mr. Justice L. C. Gulbrandson dissenting.

I respectfully dissent

The majority has stated:

> "We reach this decision because of Hatfield's suppression of Patterson's remarks about smoking and the devil. Those remarks were indicative of mental illness. Had defense counsel been aware of Patterson's remarks prior to trial, he would have had good reason to pursue an insanity defense. Therefore, that evidence was both material and exculpatory and its suppression was prejudicial to defendant."

Detective Hatfield's written summary, given to defense counsel, included the following: "He told me that he had a lot of mental problems. That he tends to forget things yet he is certain he was not responsible for the rape."

The record discloses that defense counsel met with Detective Hatfield, approximately six days prior to trial, for a short period of time, but there is no suggestion or argument that inquiry was made of Hatfield regarding specific statements made by the defendant concerning his mental problems. In addition, the transcript of proceedings of July 2, 1982, attached as exhibit 4 to defendant-appellant's brief, indicate that the defendant was hospitalized in Billings in September 1979 for a possible manic depressive disorder, and in June 1981, was hospitalized in the psychiatric unit. Those hospital records should have been readily available to defense counsel, had he inquired of the defendant or defendant's parents, after receipt of Hatfield's summary. The defendant lived with his parents and both testified as defense witnesses at the time. Defense counsel chose not to pursue the defense of mental disease or defect, and did not request a psychiatric evaluation after convictions and prior to sentencing.

Here, I would not find a prejudicial suppression of exculpatory evidence by Detective Hatfield.

_____
Justice

- 7 -