HON. JOSEPH B. GARY, District Judge,
sitting for MR. JUSTICE HUNT, dissenting:
As history shows, good law must occasionally rise out of the ashes of bad facts. Such should be the case in State v. Wallace. The facts indicate that the victim, a Native American named David Scott, was dealt with brutally and the Appellant deserves punishment. Unfortunately, we see some relatively serious procedural flaws in the State’s presentation of its case. It is always difficult to measure the impact of procedural flaws, but the result of a reversal is to try the case again. This is a fair response to serious procedural flaws, and will maintain the public confidence in judicial integrity.
At the close of the State’s case during the trial, the District Court responded to the defense motions regarding the failures of the State to disclose evidence with these words:
“All right. This is the first time in 18 years that the State of Montana has not provided full discovery and I will accept the State’s excuse that it was a mistake and in view of the testimony given on both direct and cross-examination, it would appear to the Court that the defense counsel was capable of bringing out all information that he desired or at least he’s been able to provide a good defense, and perhaps the State is entitled to make one mistake every 18 years so the motion is denied.” (Trans, p. 322, LNS. 6-14).
To a certain extent we agree that it is understandable and predictable that the State will make a mistake every now and then. However, it should not be to the detriment of an unlucky defendant. Rather, the State should take the consequences, and re-try the matter.
The Appellant presented three strong arguments regarding the failure of the State to disclose pertinent evidence. First, the State failed to disclose certain witness statements which were favorable to the defense. Second, the State failed to endorse an expert witness in *462 a timely fashion. And third, the State failed to notify the Defendant of his alleged statements previously made to an investigating officer. These errors — and we definitely perceive these shortcomings as errors — violated the Omnibus Order of the District Court. The real issue in this case is whether the omnibus procedures and orders are meaningful or meaningless. We believe they are meaningful, and a defendant should not be penalized by their violation. Once that omnibus procedure order is given, it is clear that parties and their counsel rely on its contents. It is only fair and just that those orders be upheld. According to precedent in this State, the “purpose of pre-trial orders is to prevent surprise and to permit counsel to prepare their case for trial on the basis of the pre-trial order.” State v. Doll, (Mont. 1985), [214 Mont. 390,] 692 P.2d 473, 42 St. Rep. at 44. It would stretch one’s imagination to believe that the series of procedural violations on the part of the State did not to some extent prejudice and hamper the Defendant. The rule laid down by State v. Patterson, (Mont. 1983) [203 Mont. 509,] 662 P.2d 291, 40 St. Rep. 600 (1983), is that the nature of negligently suppressed information must be material, vital, exculpatory, and prejudicial. It is definitely conceivable that this standard is met in the case at bar. Some of the statements which the State failed to disclose tend to show justifiable fear and justifiable use of force on the part of the Defendant. On top of this error, the failure to timely endorse an expert witness could have conceivably caught the Defendant’s counsel unprepared considering the technical details involved in the cross-examination of a doctor. Finally, the statements made by the Defendant to the Deputy Sheriff are clearly prejudicial, and any defense counsel would want to know such statements in advance in order to prepare his case to lessen their impact. Proper notice, as required by the Omnibus Order, might have changed the defense tactics. In sum, proper State procedure might have lead to better defense preparation, might have improved the cross-examination of an expert witness, might have given rise to softening the impact, and might have provided more credence to the defense of justifiable use of force. For example, the information might have been addressed in the opening statement, and it is the experience of many trial lawyers that addressing one’s weaknesses in an opening statement can be effective strategy.
In summary, we are true believers in the procedures established through omnibus hearings and orders, and the philosophy of preventing surprise and having the opportunity to prepare your best *463 case. This is the proper procedure to best promote justice. These procedures were violated, albeit unintentionally. It is the job of this Court — not to require perfection — but to require high standards such that defendants are not unfairly prejudiced. The fine line was crossed in this case, and another trial is in order.
We therefore dissent to the majority Opinion.
MR. JUSTICE SHEEHY and MR. JUSTICE MORRISON join in the dissent of THE HONORABLE JOSEPH GARY.