No. 93-650

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

TIMOTHY MAGUIRE HATFIELD,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Ann C. German, Libby, Montana

      For Respondent:

         Hon. Joseph P. Mazurek, Attorney General, John
Paulson, Assistant Attorney General, Helena,
Montana; Scott B. Spencer, Lincoln County Attorney,
Libby, Montana

**FILED**

Filed:     JAN 1 8 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs: October 20, 1994

Decided: January 18, 1995

Justice James C. Nelson delivered the Opinion of the Court.

Appellant Timothy Maguire Hatfield appeals from an order of the Nineteenth Judicial District Court, Lincoln County, denying his motion for a new trial. We affirm.

The issues on appeal are:

1. Whether the District Court abused its discretion in denying Hatfield's motion for a new trial.

2. Whether cumulative error warrants a new trial.

This case was previously before us in State v. Hatfield (1993), 256 Mont. 340, 846 P.2d 1025 (Hatfield I), wherein Hatfield appealed his convictions of the felony offenses of criminal sale of dangerous drugs and conspiracy to sell dangerous drugs. In Hatfield I, we upheld the conviction for the criminal sale of dangerous drugs, and reversed the conviction for conspiracy to sell dangerous drugs.

The facts giving rise to the conviction for criminal sale of dangerous drugs are that Hatfield sold a small amount of marijuana to Hal Turner. Turner had been hired by the Lincoln County Sheriff's Department as an undercover agent to buy drugs from anyone who would sell them. On the morning of December 30, 1990, Hatfield and another individual, Robert Sprague, went to Turner's apartment, where according to Turner, Hatfield sold him a small amount of marijuana for $30. It is undisputed that, at the time of the sale, the Lincoln County Sheriff's Office was unaware of the transaction and was not supervising Turner; nor was Turner wearing a body wire. After the sale, Turner contacted Detective Klint

2

Gassett, informed him of the transaction and turned the marijuana over to him. Equipped with an electronic monitor, Turner went to Hatfield's residence that evening in an effort to get a taped conversation with Hatfield concerning the earlier drug transaction.

Hatfield denies selling the marijuana to Turner, and testified at trial that Sprague was the person who sold the marijuana to Turner. Hatfield claimed that Turner gave the $30 to him, rather than Sprague, because Sprague owed Hatfield money. On January 30, 1992, a jury found Hatfield guilty of one count of sale of criminal sale of dangerous drugs, and one count of conspiracy to sell dangerous drugs. Hatfield appealed his conviction to this Court and as stated above, we affirmed the conviction for the criminal sale of dangerous drugs, reversed the conspiracy conviction, and remanded the case to the District Court for resentencing. Hatfield I, 846 P.2d at 1025.

We issued the Remittitur on March 1, 1993. Thereafter, on March 8, 1993, Hatfield filed a pro se motion for a new trial alleging among other things, that the State failed to disclose the employment contract between Turner and the Lincoln County Sheriff's Office. Counsel was appointed for Hatfield on October 4, 1993, and a hearing on his motion for a new trial was held on November 22, 1993. The parties stipulated to the following facts in a document entitled "Stipulation Regarding Discovery of Contract of Undercover Agency," which states:

> Defendant has moved the court for an Order granting to him a new trial due to newly discovered evidence, discovered following his first trial, to wit, the written contract of employment between the Lincoln County

3

Sheriff's Office and the undercover agent, Hal Turner. It is stipulated that defendant's first attorney, Don Shaffer, did not request the production of that contract from the State when he was representing defendant. The reason for not making that request was that, due to previous rulings (in other cases in which Mr. Shaffer was defending persons accused of selling drugs to undercover agents working for LCSO), Mr. Shaffer believed that such a request would be futile.

At the hearing, the State argued that Turner's employment contract was not "newly discovered evidence" because the defense knew Turner had an employment contract with the Lincoln County Sheriff's Office, and in fact at trial defense counsel cross examined Turner about the terms of the contract. After considering the arguments of counsel, the District Court denied the motion for a new trial at the conclusion of the hearing, and this appeal followed.

DISCUSSION

1. NEW TRIAL

Hatfield raises three arguments in support of his motion for a new trial. First, he maintains that the State's "suppression of the employment contract" was a violation of its duty to disclose exculpatory evidence, that the suppression prejudiced Hatfield, and that he is therefore entitled to a new trial. Second, Hatfield contends that Turner violated the terms of the contract, and the State's knowledge of, and acquiescence in, this violation was government conduct so outrageous that it violated his due process rights. Third, he alleges that he did not discover the existence of Turner's employment contract with the Lincoln County Sheriff's Office until after trial, and therefore he is entitled to a new

4

trial based on this newly discovered evidence.

STANDARD OF REVIEW

A district court may grant a criminal defendant's motion for a new trial "if required in the interest of justice." Section 46-16-702, MCA. The decision whether to grant or deny a motion for a new trial rests within the sound discretion of the trial court, and will not be overturned on appeal unless an abuse of discretion is shown. State v. Haskins (1992), 255 Mont. 202, 210-11, 841 P.2d 542, 547, citing State v. DeMers (1988), 234 Mont. 273, 278, 762 P.2d 860, 863-64.

A. EXCULPATORY EVIDENCE

Hatfield argues that the employment contract was exculpatory evidence, and therefore, the State had an affirmative duty to disclose the contract according to the rule set forth in Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and according to the State's statutory disclosure obligations set forth in § 46-15-322, MCA (1989).

According to Brady, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87, 83 S.Ct. at 1196-97, 10 L.Ed.2d at 218. In addition, §§ 46-15-322(1)(e), and 46-15-321(2), MCA (1989), provide that the State has an affirmative duty to disclose, upon request, "all material or information that tends to mitigate or negate the accused's guilt as to the offense charged or that would tend to

5

reduce his punishment therefor."

Therefore, according to Brady, and §§ 46-15-322(1)(e), and 46-15-321(2), MCA (1989), the State would only have an affirmative duty to disclose the contract if: (a) the defense requested the information; Section 46-15-321(2), MCA (1989); and (b) if the contract could be generically referred to "exculpatory evidence," -- which we have previously defined as evidence which tends to clear the accused of guilt and vitiate the conviction. State v. Patterson (1983), 203 Mont. 509, 513, 662 P.2d 291, 293; State v. Craig (1976), 169 Mont. 150, 153, 545 P.2d 649, 651.

Initially, we note that while the defense admitted in the "Stipulation Regarding Discovery of Contract of Undercover Agency," that it did not request production of the employment contract, the State affirmatively represented at the omnibus hearing that it had provided Hatfield with everything which would tend to negate guilt, or tend to reduce his punishment. Therefore, the issue of whether Hatfield actually requested the contract is irrelevant.

Hatfield alleges the employment contract was exculpatory evidence because it would have evidenced Turner's violation of the contract's terms. According to Hatfield, if he had been able to impeach Turner regarding his alleged violation of the contract, he could have shown that Turner's account of the sale was "false or susceptible to falsity," thereby supporting Hatfield's allegation of innocence.

The employment contract provisions which Hatfield claims Turner breached provide that Turner was "not to handle any drugs at

6

any time unless specifically directed to do so by the investigating officer," and that he was "not to participate in any investigations or any criminal activities unless the investigation is being directly supervised by a member of the Lincoln County Sheriff's Department." Therefore, according to Hatfield, Turner violated the employment contract because the Lincoln County Sheriff's Office was not supervising Turner at the time of the sale, and because Turner possessed and used marijuana during the sale. Hatfield concludes that if he had known of the contract's terms before the trial, he could have presented evidence of Turner's alleged violation of the contract.

However, the record does not support Hatfield's argument. Turner had been directed to purchase drugs from any person who would sell them to him. Turner testified that he was not under the immediate supervision of the sheriff's office and was not wearing a body wire at the time of the sale because Hatfield and Sprague showed up unexpectedly at his apartment. Turner also testified he contacted Detective Gassett after the sale, and arranged to turn the marijuana over to him. Later that day, Turner went to Hatfield's residence equipped with a body wire, to verify the sale. In addition, Hatfield was allowed to present his version of events concerning the sale, and the jury apparently believed the State's account. Accordingly, we conclude that the employment contract would not have tended to negate Hatfield's guilt or vitiated his conviction. Therefore the State had no duty to affirmatively disclose its existence under the Brady rule or under § 46-15-

7

322(1)(e), MCA (1989).

Finally, we note that the State had no obligation to disclose the employment contract under the other provisions of § 46-15-322, MCA (1989), according to our recent opinion in State v. Licht (1994), 879 P.2d 670, 51 St.Rep. 686. Although Licht addressed § 46-15-322, MCA, according to its terms under the 1991 Montana Code Annotated, and the 1989 statute applies in this case, the 1991 amendments to § 46-15-322, MCA, did not substantially change the statute. Therefore, Licht's reasoning is relevant here.

In Licht, we held that the State has the obligation to disclose all evidence whether inculpatory or exculpatory if listed in subsections (1)(a) through (d) and (2)(a) through (c), of that statute, reasoning that it is not up to the State to determine whether any such information is inculpatory or exculpatory. Licht, 879 P.2d at 673-74. Here the employment contract is not the type of material or information listed in § 46-15-322, MCA, subsections (1)(a) through (d) and (2)(a) through (c), and accordingly, there was no affirmative duty on the part of the State to provide the contract to the defense under those subsections.

B.  OUTRAGEOUS GOVERNMENT CONDUCT

Hatfield also contends that the State's knowledge of, and acquiescence in, Turner's alleged violation of the employment contract, is outrageous government conduct which resulted in a denial of Hatfield's due process rights. This Court has previously recognized that illegal conduct of law enforcement may violate the due process rights of a defendant. Haskins, 841 P.2d at 546.

8

However, having concluded that Turner did not violate the terms of his employment contract, it can hardly be argued that he acted illegally. Therefore, we conclude that this argument is without merit.

## C. NEWLY DISCOVERED EVIDENCE

Hatfield maintains that he did not know of the employment contract's existence until after trial, and that if he had been able to present evidence concerning its terms, and Turner's alleged violation of those terms, it would have affected the outcome of the trial.

This Court analyzes motions for a new trial on the basis of newly discovered evidence according to a six-part test set forth in State v. Greeno (1959), 135 Mont. 580, 586, 342 P.2d 1052, 1055, and discussed more recently in Matter of J.R.T. (1993), 258 Mont. 520, 522, 853 P.2d 710, 711. We need to consider only the first factor: the evidence must have come to the knowledge of the applicant since the trial. We conclude that Hatfield was aware of the employment contract prior to trial and therefore his argument is without merit.

We base our conclusion primarily on the "Stipulation Regarding Discovery of Contract of Undercover Agency," which stated that Hatfield's first attorney, Donald Shaffer, did not request the document because he thought it would be futile to do so. In addition, it appears that Hatfield's counsel at the trial level, David Harman, was also aware of the terms of the employment contract, as he cross examined Turner concerning the compensation

9

terms of his employment, the fact that Turner used marijuana during the investigation, and that Turner did not have an electronic transmitter or body wire at the time Hatfield sold him the marijuana.

Accordingly, it is apparent that Hatfield had knowledge of the employment contract at the time of the trial, and therefore he cannot now complain that it is newly discovered evidence. State v. Morris (1988), 230 Mont. 311, 320-21, 749 P.2d 1379, 1384-85.

Having determined that Hatfield was aware of the employment contract before trial, that the State had no affirmative duty to disclose the contract, and that the contract was not exculpatory in any event, we thereby hold that the District Court did not abuse its discretion in denying Hatfield's motion for a new trial.

## II. CUMULATIVE ERROR

Hatfield argues in passing, that cumulative error occurred because the jury heard evidence of the conspiracy charge, and that conviction was reversed in Hatfield I, and because the State failed to disclose the employment contract. According to Hatfield, this cumulative error entitles him to a new trial. However, given our conclusion that the State had no affirmative duty to disclose the employment contract, we are not persuaded by Hatfield's cursory argument and hold that he is not entitled to a new trial on the basis of cumulative error.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

11