JUSTICE NELSON
concurs in part and dissents in part.
I concur in our discussion and analysis of issues 1 and 2 under 1.1 dissent, however, with our discussion and with the result reached under II.
Having determined that Strand’s right to due process was violated, our next focus, contrary to the majority opinion, should not be on a determination of the appropriate remedy for this violation, but, rather, we should decide whether the defendant has demonstrated any prejudice by reason of the violation of this constitutional right. I conclude that no prejudice has been shown on the record here, and, furthermore, that no legal basis exists on which to suppress the results of the BAC test or to remand for a new trial.
It is black-letter law that “[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial.” Section 46-20-701(1), MCA. Moreover, we routinely hold that a criminal conviction will not be reversed unless the error prejudiced the sub *130 stantial rights of the defendant; that when the record is sufficient to establish the guilt of the defendant, a new trial will not be granted even though there was error, unless it clearly appears that the error complained of actually impaired the defendant’s right to a fair trial; that prejudice in a criminal case will not be presumed; and that the defendant must demonstrate prejudice from the record. State v. Huerta (1997), [285 Mont 245] 947 P.2d 483, 487 (citations omitted). We have referred to § 46-20-701, MCA, and to these well-settled principles of criminal law in cases, too numerous to cite, when affirming convictions where error is shown — even where that error is of constitutional proportion. For example, we recently held in Huerta that a violation of defendant’s due process rights involving several different trial issues did not warrant reversal where defendant failed to demonstrate prejudice. Huerta, 947 P.2d at 485. We have defined exculpatory evidence as that which “tends to clear the accused of guilt and vitiate the conviction.” State v. Hatfield (1995), 269 Mont. 307, 311, 888 P.2d 899, 902 (citations omitted). While undeniably, the accused is entitled to discover and to gather such evidence, we have also placed upon the defendant a duty to show that, where his right to obtain exculpatory evidence has been violated, there is a reasonable probability that had the information been provided, the result of the trial or sentencing would have been different. Kills on Top v. State (1995), 273 Mont. 32, 42, 901 P.2d 1368, 1374-75 (citing Kyles v. Whitley (1995), 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490, 506). See also State v. Cox (1994), 266 Mont. 110, 118-19, 879 P.2d 662, 667-68; State v. West (1992), 252 Mont. 83, 87, 826 P.2d 940, 943 (quoting California v. Trombetta (1984), 467 U.S. 479, 488-89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413, 422); and State v. Halter (1989), 238 Mont. 408, 412, 777 P.2d 1313, 1316 (quoting Trombetta, 467 U.S. at 488-89, 104 S.Ct. at 2533-34).
In the case at bar, the record is completely devoid of even a minimal demonstration by Strand that, had he obtained the independent test to which he was entitled, the evidence would have been, in fact, exculpatory — i.e., that a reasonable probability existed that it would have cleared him of guilt or vitiated his conviction. Strand never challenged the arresting officer’s pre-arrest and post-arrest observations indicating that he was intoxicated; he never challenged the field tests which showed the same thing; and he never challenged the results of the BAC test which demonstrated that he was legally intoxicated. In fact, at oral argument, Strand conceded that he could *131 still be convicted of DUI without any test results whatsoever based on other evidence of intoxication.
Had Strand shown that any part of the overwhelming evidence of his intoxication was subject to dispute or attack, he would have a legitimate argument that a reasonable probability existed that the evidence obtained by an independent test would have been exculpatory and that without such evidence his defense was prejudiced. Absent a record of such a challenge, however, there is simply no demonstration here that an independent test would have proved anything other than what has already been clearly shown — i.e., that Strand was legally intoxicated. Nothing in the record of this case shows that a reasonable probability existed that the independent test would have been, in fact, exculpatory. Thus, while Strand’s right to due process was violated, he failed to demonstrate prejudice by reason thereof. Accordingly, his conviction should be affirmed.
That said, I also disagree with our decision that the appropriate remedy for the violation of Strand’s right to due process is suppression of the results of the BAC test he voluntarily took. Suppression of evidence is, of course, mandated where evidence has been obtained by an unlawful search and seizure. Section 46-13-302, MCA. We have recently made it clear that “suppression” is a term used where otherwise relevant evidence is excluded because it has been illegally obtained. See State v. Strizich (1997), [286 Mont. 1], 952 P.2d 1365.
Absolutely nothing in the record of the case at bar indicates that the BAC test which Strand took at the station-house was obtained unlawfully or illegally. In fact, the record clearly demonstrates the contrary. In accordance with the implied consent statute, § 61-8-402, MCA, Strand took the breath test when requested to do so by the arresting officer. No evidence shows that the gathering of this evidence was improper, unlawful, illegal or in violation of any of Strand’s constitutional rights.
Other than State v. Turpin (Wash. 1980), 620 P.2d 990, the majority cites no authority for the proposition that evidence can be suppressed notwithstanding that the law was not violated in the gathering of that evidence and where the competency of the evidence itself was not challenged. I do not believe that even Turpin is authority for that principal as a general rule, given that the court’s decision in that case was rendered in the context of a Washington statute that affirmatively required the peace officer to advise the DUI arrestee of his right to obtain additional chemical tests. Turpin, 620 P.2d at 992. No such statutory obligation for giving advice exists in Montana’s stat *132 utes. See §§ 61-8-402 and 61-8-405, MCA. In fact, § 61-8-405(2), MCA (1993), specifically provided that “[t]he failure or inability to obtain an additional test by a person does not preclude the admissibility in evidence of the test or tests taken at the direction of a peace officer. [Emphasis added.]”
While punishing the police by throwing out legally obtained, competent evidence because the officer failed to advise the defendant of his right to obtain independent evidence of the same type may facially have a sort of “eye for an eye” appeal, such a novel approach is not only legally unsound, but also sets a very dangerous precedent, indeed. Does a defendant now have an argument that the prosecution should not be permitted to use evidence legally obtained from a crime scene or evidence lawfully taken from the person of a victim because he, the defendant, though having as much right to gather possibly exculpatory, countervailing evidence of the same sort, was unable to do so (a) because the police never told him he had that right and (b) because by the time he learned of this right, the crime scene had been cleaned up or otherwise contaminated or because evanescent evidence from the victim’s person has long since disappeared?
The bottom line is that if Strand’s constitutional right to due process was violated in this case (and I agree that it was) and if he demonstrated that the violation of this constitutional right prejudiced his defense, then the appropriate remedy is reversal of his conviction and dismissal of the charges against him (as we correctly ruled in Swanson), not the suppression of legally obtained evidence and remanding for a new trial without that evidence.
Strand was obligated to show prejudice — i.e., that had he been timely advised of his right to obtain an independent test, he not only would have taken the test, but also that a reasonable probability existed that the test results would have been exculpatory. Here, since Strand failed to demonstrate any prejudice by reason of the violation of his right to due process, his conviction should be affirmed.
CHIEF JUSTICE TURNAGE joins in the foregoing concurrence and dissent.