No. 87-382

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA, CITY OF BOZEMAN,

        Plaintiff and Respondent,

-vs-

CLIFTON DUANE HETH,

        Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jerry Bechhold, Bozeman, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        John Paulson, Asst. Atty. General, Helena
        Bruce Becker, City Attorney, Bozeman, Montana

Submitted on Briefs: Dec. 17, 1987

Decided: February 9, 1988

Filed: FEB 9 1988

*Ethel M. Harrison*
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from the Eighteenth Judicial District Court, Gallatin County. Defendant/appellant, Clifton Duane Heth (Heth) was found guilty by the District Court of driving under the influence of intoxicants (DUI) as outlined in the court's findings of fact and conclusions of law on May 29, 1987. From this ruling Heth appeals.

We affirm.

The only issue is as follows:

Did the District Court err in not granting Heth's motion to dismiss based upon his argument that police officers have a responsibility to obtain and preserve exculpatory evidence if they have an opportunity to do so?

This appeal arose out of the conviction of Heth by the District Court sitting without a jury. On October 30, 1986, Heth was arrested for driving under the influence pursuant to § 61-8-401, MCA, after being removed from the 4Bs Restaurant (4Bs) in Bozeman, Montana. Appellant Heth incorporated the findings of facts of the District Court on this appeal and therefore we will accept that rendition of facts.

Three 4Bs waitresses saw Heth at the restaurant on the night of October 30, 1986. They were subpoenaed to testify at the District Court hearing but no transcript was submitted on this appeal. According to one of the waitresses Heth was "[y]elling in a loud manner and attracted attention to himself." One of the waitresses knew Heth was not to be in the restaurant due to previous misconduct and she telephoned the police. This same waitress also believed Heth was intoxicated because he slurred his words and had difficulty maintaining his balance. All three waitresses believed Heth

was intoxicated according to the findings of fact of the District Court.

Officers Kerry Bickle and David Krogstad requested that Heth leave the 4Bs. At that point, Bickle began recording Heth's conversation. After an argument with the police officers, Heth left the 4Bs indicating he would walk home, leaving his vehicle.

Officer Bickle returned to the 4Bs parking lot shortly thereafter and noticed Heth's vehicle traveling north on 5th Street. The officer noted that Heth's vehicle crossed the center line of the street a number of times and at one intersection, Heth failed to yield to an oncoming vehicle as he made a left turn. The officer stopped Heth and requested him to perform a number of field sobriety tests which Heth completed in an unsatisfactory manner. Conversations during this testing were again taped by Bickle.

Heth was arrested for DUI, read his Miranda rights, and taken to the Gallatin County Detention Center for processing. Heth, after reading the implied consent form, refused to take a blood test to determine his blood alcohol content. Thereafter, one of the officers activated a videotape machine to film Heth's activities but failed to turn on the volume and therefore no sound was recorded.

Heth claims he was denied due process because the tape may have contained exculpatory evidence showing that he did not have slurred speech. The District Court concluded that Heth was guilty of DUI based on the testimony of the waitresses and officers and because Heth was seen driving his vehicle after leaving the 4Bs.

The State offered the audio cassette recorded by Bickle which was admitted by the court over defense counsel's objection. The State also offered the video but it was

3

refused by the District Court after objections by defense counsel.

Heth's counsel relies on the case of State v. Swanson (Mont. 1986), 722 P.2d 1155, 43 St.Rep. 1329, for the proposition that "[p]olice have a responsibility to properly administer exculpatory evidence when they have an opportunity to do so." Heth's counsel argues that Heth was denied use of evidence which is generally available to both sides because of the Bozeman Police Department's policy of using video tapes. Heth claims:

> But for the Police's failure to properly administer the video, the Appellant would have had sound to said video and thus allowed him to present a valid defense to the charge of drunk driving. With the sound to the video, the Appellant could have shown that he did not have slurred speech. Further, the sound would have tended to establish the Appellant's sobriety and his anger with respect to the way the Police were handling him. The sound would have established the rudeness in which the Police treated the Appellant. Though Police rudeness is not a defense in this case, the video would show reasons for Appellant's response.

On the audio tape recording of the sobriety tests, Heth could not count from 90 to 100 and back to 87 correctly. He also had difficulty reciting the alphabet. The findings show when requested to stand with his left foot in front of his right, Heth stood with his right foot in front of his left. Heth also had difficulty with the Rhomberg test (feet together, head back, eyes closed, used to judge equilibrium) and did not complete a one-legged stand test.

It is clear that Swanson, supra, does not support the proposition which Heth's counsel asserts. Swanson involved the negligent handling by the police officers of a

defendant's blood sample that was left unrefrigerated for two days. Under Montana law, defendants have a statutory right to request separate blood testing to obtain exculpatory evidence.

> The person tested may, at his own expense, have a physician or registered nurse of his own choosing administer a test, in addition to any administered at the direction of a peace officer, for the purpose of determining the amount of alcohol in his blood at the time alleged as shown by chemical analysis of his blood, breath, or urine.

Section 61-8-405(2), MCA.

There is no question that Swanson stands for the proposition that an accused has a constitutional right to attempt to obtain exculpatory evidence. Swanson, supra, 722 P.2d at 1157. However, the case does not stand for the proposition that police officers have to assist in the gathering of such evidence.

Heth argues that police officers have a responsibility to properly administer exculpatory evidence when they have an opportunity to do so. However, there is a difference between "gathering" and "preserving" such evidence. State v. Hayes (Idaho 1985), 700 P.2d 959, 964.

The officers in Swanson failed to properly preserve the blood sample taken from the accused.

> [O]nce the sample was taken from Swanson, the police had a duty to see to its safekeeping . . . [The] careless handling of the sample deprived Swanson of his due process right to gather possible exculpatory evidence.

Swanson, 722 P.2d at 1158.

Heth contends the police in essence were required to gather evidence showing that he was not intoxicated by

5

engaging the audio on the video tape. There is no question that police officers must allow a defendant to obtain a separate and independent blood test. But Swanson is limited to the actual blood test which is mandated by statute.

> [P]olice officers are not required to take the initiative or even to assist in procuring any evidence on behalf of a defendant which is deemed necessary to his defense. [Citations omitted.] But in no event can duly constituted authority hamper or interfere with efforts on the part of an accused to obtain a sampling of his blood, without denying to him due process of law. We are persuaded to such conclusion in any instance where the conduct of the authorities, whether through affirmative action or by the imposition of their rules and regulations, imposes any material obstacle in the path of the accused. Nor are we impressed that an accused, as perhaps in the instant case, might have reached his goal by pursuing a different course. . .
>
> While the police have no duty to assist an accused in obtaining independent evidence of sobriety, they cannot frustrate such an effort through either affirmative acts or their rules and regulations.

Swanson, 722 P.2d 1157-1158.

Only a deliberate or intentional suppression of exculpatory evidence is a per se violation of due process. To amount to a denial of due process, negligently suppressed evidence must be vital to the defense. It must be more than a mere suppression, in that the defense must show the evidence was material and of substantial use. Finally, the evidence must be exculpatory meaning it "[w]ould have tended to clear the accused of guilt, to vitiate a conviction." Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215;

6

State v. Patterson (1983), 203 Mont. 509, 512-513, 662 P.2d 291, 293. Heth has not shown that the video sound was vital to his defense especially in light of the audio tape that Bickle recorded. The tape made by Bickle does not provide Heth with any exculpating evidence. Although the video's audio may have been substantially used by defense counsel, we cannot agree that it would have been exculpatory.

The administration of a video and audio test, just as in Hayes, supra, falls into the category of gathering evidence. Police officers do not have an affirmative duty to search out favorable evidence for the defendant as the State has appropriately pointed out. State v. Ames (Idaho 1985), 707 P.2d 484, 486; People v. Moore (Colo. 1985), 701 P.2d 1249, 1254.

The defendant was not denied due process under Brady or Swanson. Police officers may not frustrate or hamper a defendant's right to obtain exculpatory evidence but they have no affirmative duty to gather such evidence absent express statutory mandate.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

7