DA 08-0163

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 67N

CITY OF BILLINGS,

      Plaintiff and Appellee,

  v.

ROBERT OPIE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 07-754
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robert Opie, (self-represented litigant); Billings, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Michael S. Wellenstein, Assistant Attorney General; Helena, Montana

      Brent Brooks, Billings City Attorney; Stacy R. Tenney, Deputy City Attorney; Billings, Montana

              Submitted on Briefs: December 31, 2008

                      Decided: March 3, 2009

Filed:

           _____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On December 13, 2006, while picking up his daughter from Skyview High School in Billings (Skyview), Defendant Robert Opie hit the bumper of a car driven by Kayla Shammel, a Skyview student. Moments earlier, Shammel had cut in front of Opie's car while exiting the parking lot. After the impact, Shammel exited her vehicle to inspect the damage. Having failed to put her car in park, it rolled back into Opie's car. Opie and Shammel exchanged profanities and Shammel eventually drove out of the lot. Moments later, while Shammel was driving on Wicks Lane, Opie hit her car again. Shammel feared for her safety and stopped to inspect the damage, during which time she waved cars through the intersection.

¶3 Three video cameras record traffic activity in areas surrounding the school, recording at two-minute intervals. The video footage from these cameras is recycled every thirty days. A few days after the altercation, Officer Krause requested Officer Newsome, the school resource officer, to review the tapes to determine whether the cameras had captured any of the altercation. After reviewing the tapes multiple times,

2

Officer Newsome determined there was no evidence of the altercation on the tapes. Thus, according to school policy, the tapes were subsequently recycled.

¶4     On February 16, 2007, the City charged Opie with Criminal Mischief. Opie filed a motion to dismiss the charge, arguing the City had intentionally destroyed exculpatory evidence by allowing the videotapes to be recycled. After a hearing, the Municipal Court denied Opie's motion to dismiss, concluding the City had acted appropriately and Opie had failed to establish that there was any evidence about the crime on the videotapes. Following a jury trial, Opie was found guilty. He appealed his conviction to the District Court, which affirmed the judgment of the Municipal Court.

¶5     On appeal, Opie contends the City violated his due process rights when it destroyed the videotapes. He argues the videotapes would have helped him identify witnesses to the altercation, and the lack of evidence on the tapes of Opie ramming Shammel's car "had exculpatory value."

¶6     To be exculpatory, evidence must "tend to clear the accused of guilt." *State v. Saxton*, 2003 MT 105, ¶ 32, 315 Mont. 315, 68 P.3d 721 (quotation omitted). Deliberate suppression of exculpatory evidence is a per se violation of a defendant's rights to due process. *State v. Heth*, 230 Mont. 268, 272, 750 P.2d 103, 105 (1988). Negligently suppressed evidence "must be vital to the defense . . . the defense must show the evidence was material and of substantial use" to constitute a denial of due process. *State v. Craig*, 169 Mont. 150, 153, 545 P.2d 649, 651 (1976) (citations omitted). Otherwise stated, a defendant must show that there is a reasonable probability that had the information been

3

provided, the outcome would have been different. *Craig*, 169 Mont. at 153, 545 P.2d at 651.

¶7 Opie has failed to show the videotapes contained any exculpatory evidence. Officer Newsome testified that she did not see any cars hitting other cars or any disturbance in the parking lot on the tapes. Further, although the video footage was not available, the jury heard the testimonial evidence about the lack of relevant activity on the videotapes, on which basis Opie claimed that the tapes were exculpatory. *Calif. v. Trombetta*, 467 U.S. 479, 489, 104 S. Ct. 2528, 2534 (1984) (to demonstrate a due process violation, a defendant must be unable to obtain comparable evidence through other means).

¶8 Opie also argues that the City illegally suppressed evidence by not providing him with investigative notes taken by the officers, and failing to disclose that Karl Shammel, Kayla Shammel's father, had contacted a friend who is a member of the police department. However, the officers testified at trial that they did not take any notes when they interviewed witnesses, instead writing reports from memory, which the City provided to Opie in discovery. The City offers that it provided Opie with a list of witnesses, which included Karl Shammel, and Opie was free to contact any of the witnesses prior to trial. Opie has failed to demonstrate the City suppressed any material evidence.

¶9 Opie argues the Municipal Court improperly limited the scope of his cross examination of Officer Newsome and Officer Krause. Newsome testified at trial that

4

Opie's daughter advised Newsome that her father had purposefully hit the rear of Shammel's car, but she had refused to provide a formal statement because she feared her father's reaction. In response, Opie attempted to impeach Newsome by asking her questions regarding Newsome's asserted failure to report Opie for child abuse. After initially permitting Opie some latitude, the court precluded Opie from further questioning in this regard on relevance grounds.

¶10 Opie asked Officer Krause why Shammel was not cited for disorderly conduct for waving traffic through while she was stopped at the intersection on Wyman Lane. Krause surmised that Shammel could have been cited for a traffic infraction, but ultimately chose not to charge her. The court, upon the City's objection, limited the scope of Opie's cross-examination on this topic. Opie argues that Krause testified erroneously that disorderly conduct constitutes a traffic infraction, and the court and prosecutor were obligated to correct this misconception before the jury.

¶11 A trial court has broad discretion to limit the scope of cross-examination to those issues it determines are relevant to the trial. *State v. Nelson*, 2002 MT 122, ¶ 15, 310 Mont. 71, 48 P.3d 739. We conclude the Municipal Court did not abuse its discretion when it limited the scope of Opie's cross-examination of Officers Newsome and Krause. We further conclude that Opie has failed to demonstrate the City Attorney committed prosecutorial misconduct when he asked the court to confine the cross-examination to the issues at trial.

5

¶12    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶13    We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER

6