No. 83-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

WILLIAM GEORGE HARRIS, SR.,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bernard J. Goldman argued, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Patricia Schaeffer argued, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana

---

Submitted: April 18, 1984

Decided: June 8, 1984

Filed: JUN 8 1984

*Ethel M. Harrison*

---

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

William George Harris, Sr., appeals from an order of the District Court, Fourth Judicial District, Missoula County, denying his motion for a new trial. We affirm the order of the District Court.

In 1981, Carl F. Anderson, Doug E. Shuland, and Thomas Michael Briggs, with the legal advice of the defendant, William George Harris, Sr., formed Go Devil Hotshot Service Company, Inc., to provide expedited delivery service of needed parts to oil fields. Between June 1981 and the middle of August 1981, Harris received around $21,000 from various contributors to be used on behalf of the newly-formed business. Harris deposited $6,000 of this money into a company bank account and used approximately another $9,000 of this money to cover the business' expenses. The remainder of the money, around $6,000, could not be accounted for by Harris.

On June 1, 1982, Harris was charged by information with three counts of felony theft. Count 1 charged Harris with appropriating money owned by Carl F. Anderson, Joyce A. Anderson, and Douglas E. Shuland. On June 30, 1981, the Andersons, on behalf of Shuland, gave Harris a $3,000 check to be deposited with the company. Harris took the check, deposited $1,000 to his account, $1,500 to his wife's account, $350 to his son's account, and cashed the remainder.

According to Harris, this action was justified as the Andersons owed him over $8,000 and Shuland owed him $1,000. Both amounts were legal fees for representation on earlier unrelated matters. The Andersons testified, however, that the matter in which Harris had represented them was decided

in favor of the other party, and Harris had told them to forget the legal fees.

Count II charged Harris with appropriating money given him by Thomas Michael Briggs. Briggs became involved with the Go Devil Hotshot Service Company after its formation and gave Harris a check for $5,000 to cover his contribution to the company. Harris cashed the check at his bank and deposited $1,500 to his wife's account.

Count III charged Harris with appropriating money loaned the company by Elsie Oliva, Joyce Anderson's mother. On August 14, 1981, Oliva obtained $13,000 from her bank in Hamilton. She turned the proceeds over to Harris in the form of a cashier's check and received a promissory note from the company for the $13,000. Harris then returned to the bank and requested that he be given a cashier's check for $6,000 and $7,000 in cash in exchange for the $13,000 cashier's check. The bank refused to redeem the cashier's check for cash, but did issue two cashier's checks to Harris for $6,000 and $7,000. Harris deposited the $6,000 cashier's check into a company bank account and cashed the other check for $7,000.

A jury trial was held and Harris was found guilty of felony theft on counts II and III. Harris moved for a new trial, but the motion was denied by the District Court. A sentencing hearing was held on June 7, 1983, and Harris was given two 5-year suspended sentences and placed on probation. He was further ordered to pay $5,000 in restitution to Oliva and a $5,000 fine. Upon motion of counsel, execution of judgment was stayed pending appeal.

The sole issue presented by Harris is whether the testimony of one of the State's witnesses constitutes

perjury, so as to "taint" Harris' conviction and require a new trial.

According to Harris, a new trial must be granted "where it appears there has been a trace of perjured testimony presented to the jury resulting in a conviction." State v. Greeno (1959), 135 Mont. 580, 592, 342 P.2d 1052, 1058. He contends that here, "there exists FAR MORE THAN A TRACE OF PERJURY . . . resulting in a conviction which obtains only from the use of 'tainted' testimony by the prosecutor."

This contention is not supported by the evidence. We cannot find in the testimony represented as perjury even a "trace of perjury" and we cannot agree that Harris' conviction resulted only from the use of such testimony.

At trial, Harris' counsel questioned Doug Shuland as to his activities on August 15, 1981. Shuland testified that on that date he and a friend went to Hamilton to visit his grandmother. When asked if he remembered attending the first board meeting of the Go Devil Hotshot Service Company on that same date, Shuland replied that he remembered the meeting but not whether the meeting occurred on August 15. It is this testimony which Harris contends is blatantly perjurious. However all we have is Harris' contention. We can discern no perjury from the face of the testimony and Harris has offered no other evidence to support his claim that Shuland committed perjury.

Furthermore, Harris was found not guilty by the jury on count I charging him with appropriating money belonging to Shuland. He was convicted on counts II and III charging him with appropriating money belonging to Thomas Michael Briggs and Elsie Oliva. Whether Shuland was or was not at the

- 4 -

company's first board meeting is entirely immaterial to his conviction on these counts.

Based upon the foregoing, we affirm the order of the District Court denying Harris' motion for a new trial.

_____
                                        Justice

We Concur:

_____
            Chief Justice

_____

_____

_____

_____
                    Justices

- 5 -