No. 88-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

WILLIAM GEORGE HARRIS, SR.,

   Petitioner and Appellant,

 -vs-

STATE OF MONTANA,

   Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
      In and for the County of Missoula,
      The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    William George Harris, Sr., pro se, Tempe, Arizona

  For Respondent:

    Hon. Mike Greely, Attorney General, Helena, Montana
    Patricia J. Schaeffer, Asst. Atty. General, Helena
    Robert L. Deschamps, III, County Attorney, Missoula,
    Montana

Submitted on Briefs: Sept. 29, 1988

Decided: November 15, 1988

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case comes on appeal from a denial of a petition for post-conviction relief by the Fourth Judicial District Court, Missoula County, the Honorable Joseph B. Gary, District Judge, sitting for the Honorable James B. Wheelis, District Judge.

The petitioner, William George Harris, Sr., was originally convicted by jury trial on two of three counts of of felony theft. Because we have once reviewed this case on appeal, we will only briefly discuss the facts surrounding his original conviction. See, State v. Harris (1984), 210 Mont. 382, 682 P.2d 185.

In 1981, Carl Anderson, Doug Shuland and Thomas Michael Briggs, with the legal advice of their attorney, William George Harris, Sr., formed the Go Devil Hotshot Company, Inc., to provide expedited delivery service of needed parts to oil fields. Between June, 1981 and the middle of August, 1981, petitioner received approximately $21,000 from various contributors to be used on behalf of the newly formed business. Harris deposited $6,000 into a company bank account, and used approximately $9,000 to cover business expenses. The remainder of the contributions, approximately $6,000, could not be accounted for by petitioner.

On June 1, 1982, petitioner was charged with three counts of felony theft. Count I charged Harris with appropriating money owned by Carl Anderson, Joyce Anderson and Doug Shuland. Count II charged Harris with appropriating money contributed by Thomas Michael Briggs. Finally, Count III charged Harris with appropriating money loaned the company by Elsie Oliva, Joyce Anderson's mother. Petitioner was convicted on Counts II and III. He was sentenced on June

7, 1983 to serve two concurrent five year terms, all of which were suspended except for 90 days, and placed on probation. In addition, petitioner was ordered to pay a $5,000 fine to the clerk of court and $5,000 restitution. Upon motion of petitioner, the District Court issued an order staying execution of judgment pending appeal. This Court affirmed the District Court's conviction, rejecting petitioner's argument that his conviction resulted from the use of perjured testimony. Harris, 682 P.2d 185.

On March 7, 1985, petitioner alleges he received by U.S. Mail a large and unidentified envelope containing a document and letters indicating the State of Montana used perjurious testimony and concealed exculpatory evidence in order to obtain the original felony theft convictions. The items included photocopies of an undated, unsigned letter to former Chief Justice Haswell, a purported partnership agreement dated March 3, 1981, and eight letters. Petitioner argues these items were concealed from him during trial, resulting in a denial of due process and mandating a new trial.

On March 19, 1985, petitioner filed a petition for writ of habeas corpus in the Federal District Court in Arizona. The State of Montana responded with a motion to dismiss for failure to exhaust state remedies on claims raised by the petition. The court granted the State's motion. An appeal to the Ninth Circuit Court of Appeals ensued, resulting in an affirmance on July 28, 1986.

A petition for post-conviction relief was filed with this Court on October 13, 1987. After a response filed by the State, this Court dismissed the petition with leave to file in the District Court. Harris did so on March 31, 1988. The matter was submitted to the lower court on briefs and affidavits pursuant to a stipulation waiving a hearing on the

3

matter. The District Court entered its order May 11, 1988 denying relief. From this denial, the petitioner appeals. We affirm.

The standard in Montana for intentional or negligent suppression of evidence was enunciated in the case of State v. Craig (1976), 169 Mont. 150, 153, 545 P.2d 649, 651, holding:

> Only intentional or deliberate suppression of evidence is a per se violation of due process sufficient to reverse or nullify a conviction. . . Negligent or passive suppression will overturn a conviction if prejudice can be shown by the suppression.
>
> Generally, suppressed evidence must be material to either guilt or punishment. . . . In order to amount to denial of due process, negligently suppressed evidence must be vital to the defense of the accused. . . To obtain a new trial, the accused must show more than suppression; he must show the evidence was material and of some substantial use to him. . . The suppressed evidence must be exculpatory, i.e., would have tended to clear the accused of guilt, to vitiate a conviction. (Citations omitted.)

Petitioner spends a large portion of his brief educating this Court on the definitions of "concealment" and "possession." However, citations to Black's Law and Webster's International Dictionaries do not lend factual support to his argument. The facts indicate neither intentional nor negligent suppression of evidence. To illustrate:

Fact: the files were available to the petitioner prior to trial, as evidenced by the affidavit by the Missoula County Attorney, Robert L. Deschamps, III. Petitioner readily admits in his brief that the State turned over the

4

balance of documents in its offices, as per their oral discovery agreement.

Fact: the letters and purported partnership agreement were documents of Go Devil Hotshot Service Company, Inc., and were made available at corporate offices at all times prior to trial. No evidence indicates the files in question were ever searched or seized by state agents.

Fact: Petitioner was aware, or should have been aware, of these documents at trial. This knowledge is evident from petitioner's own signature on the alleged partnership agreement, purporting to authorize the appropriation of funds from which petitioner was convicted of theft charges. It is highly unlikely petitioner could have forgotten this agreement, and yet at trial, he testified no written agreement existed. No request for production of the document appears on the record, nor was testimony presented as to its loss or destruction. Now, petitioner baldly asserts it was withheld by the State. Also, seven of the eight letters were written by the petitioner to Carl Anderson.

Evidence is not withheld or suppressed if the petitioner had knowledge of the facts or circumstances, or if the facts become available to him during trial. State v. Kirkland (1979), 184 Mont. 229, 243, 602 P.2d 586, 595. While this knowledge completely dismisses petitioner's argument as to suppression, we go one step further and examine the materiality.

The evidence could hardly be called exculpatory. The partnership agreement binds only Harris, Anderson and Shuland to the "fees earned when paid" arrangement. Petitioner was acquitted of the charge involving Anderson and Shuland. The fact Briggs later read and approved the agreement only acknowledges the partnership, it does not bind him to the terms. Nor could the agreement bind Elsie Oliva. Therefore,

5

the counts which petitioner was convicted, Counts II and III, remain unaffected by the "newly discovered" partnership agreement. The letters, though indicating Harris did legal work for the company, do not mention the fee arrangement, nor allude to a partnership agreement. We see no factual basis for petitioner's claimed exculpatory use of the evidence. State v. Atlas (Mont. 1986), 728 P.2d 421, 43 St.Rep. 2042.

Finally, petitioner claims the lower court acted vindictive and biased in its review of his post-conviction petition. We fail to see any indication of such behavior. On the contrary, the lower court acknowledged the serious nature of petitioner's charges. The District Court's order and supporting memorandum thoroughly reviews the criteria to determine whether a new trial was warranted, State v. Greeno (1959), 135 Mont. 580, 342 P.2d 1052, and upon this basis, found petitioner's charges without merit. Substantial evidence supports his position.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6