JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 A jury found Jason L. Marker (Marker) guilty of aggravated assault by accountability in the Fifth Judicial District Court, Jefferson County. The District Court set aside the verdict and ordered a new trial sua sponte. The State of Montana (State) appeals the order. We reverse the order granting a new trial.
¶2 The issues on appeal can be restated as follows:
1. Do the time and notice requirements in § 46-16-702(2), MCA, apply to the District Court when it grants a new trial sua sponte?
2. Did the District Court abuse its discretion by setting aside the verdict and ordering a new trial sua sponte?
FACTUAL BACKGROUND
¶3 The facts relevant to this discussion are as follows: On January 3, 1998, Marker, Jimmy Piazzola (Piazzola), Kevin Anderson, William Arnold (Arnold), Jamie Norris, and Rick Lamb were involved in a bar fight at the Mint Bar in Whitehall, Montana. During the melee, Arnold was severely injured.
¶4 Following an investigation, law enforcement charged Marker and Piazzola with misdemeanor assault and misdemeanor disturbing the peace. The next day, before the county attorney was aware of the severity of Arnold’s injuries, Piazzola entered a guilty plea to the misdemeanor charges. Both Marker and Piazzola were charged in District Court with felony assault. In light of Piazzola’s prior plea to the misdemeanor charge, the felony charges against him were dismissed on double jeopardy grounds. The State then pursued the felony assault charges against Marker.
¶5 The matter was tried to a jury. At the close of evidence, the trial court instructed the jury on the elements of aggravated assault, assault, and aggravated assault by accountability. Marker objected to the State’s verdict form and requested that the verdict specify whether the crimes were misdemeanor or felony offenses. The State did not object to Marker’s motion. The judge’s secretary typed the new two-page verdict form. The verdict recorded by the court read as follows:
*382 VERDICT
WE, THE JURY, rend [sic] our verdict in this cause in the manner following:
Aggravated Assault (a felony)
GUILTY_
NOT GUILTY_
-OR-
Aggravated Assault By Accountability
GUILTY_
NOT GUILTY_

Consider only one of the above charges

If you find the Defendant GUILTY as to one of the charges above, you need go no further. If you have reached a verdict on Aggravated Assault, you may proceed to Counts II and III, the misdemeanor counts involving Norris and Lamb.

***(Page Break)***

If you find the Defendant NOT GUILTY on the charge of Aggravated Assault, you may consider a lesser offense of Assault, a misdemeanor.
Misdemeanor Assault (Arnold)
GUILTY_
NOT GUILTY_
On the misdemeanor Assault charge (Norris), we find the Defendant:
GUILTY_
NOT GUILTY_
On the misdemeanor Assault charge (Lamb), we find the Defendant:
GUILTY_
NOT GUILTY_
¶6 The jury returned their verdict with only a check next to the guilty slot for aggravated assault by accountability. The jury failed to mark either guilty or not guilty on all other charges. Once the verdict was read, the District Court and attorneys for both sides discussed the jury’s failure to reach a verdict on the misdemeanor counts contained upon the second page of the verdict sheet.
¶7 On May 19,1999, the District Court sua sponte entered an order setting aside the verdict and granting a new trial. The State appeals from that order.
*383 DISCUSSION
ISSUE 1
¶8 Do the time and notice requirements in § 46-16-702(2), MCA, apply to the District Court when it grants a new trial sua sponte?
¶9 The State concedes that the District Court has the power to order a new trial sua sponte. The State argues, however, that the District Court abused its discretion in setting aside the jury verdict and ordering a new trial, sua sponte, without following the time and notice requirements set forth in § 46-16-702(2), MCA (1997)[1]'
¶10 Section 46-16-702, MCA, provides as follows:
Motion for new trial. (1) Following a verdict or finding of guilty, the court may grant the defendant a new trial if required in the interest of justice.
(2) The motion for new trial must be in writing and must specify the grounds for a new trial. The motion must be filed by the defendant within 30 days following a verdict or finding of guilty and be served upon the prosecution.
(3) On hearing the motion for a new trial, if justified by law and the weight of the evidence, the court may:
(a) deny the motion;
(b) grant a new trial; or
(c) modify or change the verdict or finding by finding the defendant guilty of a lesser included offense or finding the defendant not guilty.
¶11 We reject the State’s argument that the District Court is bound by the notice and time requirements contained in § 46-16-702(2), MCA. Subsection (2) requires that when a defendant files a motion for a new trial, the motion must be filed within 30 days following the verdict or finding of guilt. It has no bearing on how or when a court, sua sponte, may grant a new trial under subsection (1). We have held that the subsection (2) requirement that a defendant file a motion when seeking a new trial does not affect the court’s inherent power to order a new trial sua sponte when required in the interests of justice. State v. Brummer, 1998 MT 11, ¶ 46, 287 Mont. 168, *384 ¶ 46, 953 P.2d 250, ¶ 46. We now hold that the subsection (2) time and notice requirements pertaining to the filing of motions do not apply to a district court acting sua sponte under subsection (1).
ISSUE 2
¶12 Did the District Court abuse its discretion by setting aside the verdict and ordering a new trial sua sponte?
¶13 The standard of review for a district court’s decision to grant or deny a new trial is whether the court abused its discretion. Brummer, ¶ 49. A district court is authorized to grant a new trial sua sponte in the interests of justice. Brummer, ¶ 35; § 46-16-702(1), MCA. “This authority embodies ‘the equitable concept that neither a wronged litigant nor society itself can afford to be without some means to remedy a palpable miscarriage of justice.’ ’’Brummer, ¶ 38 (citation omitted).
¶14 The State argues that the jury instructions fully and fairly stated the law and thus the verdict form was correct. Marker counters that the words “you need go no further” confused the jury, as is evidenced by the fact that the jury failed to address the charges contained upon the second page of the verdict form. The District Court agreed with Marker and in its memorandum granting the new trial stated: "After the close of the case, it was brought to the court’s attention that the jury believed that they were not to render a decision on Counts II and III, because the verdict form stated they were to ‘go no further.’ ” The District Court memorandum further stated: “A special post verdict survey completed by the individual jurors confirms this finding.” The court concluded that given the ambiguity of the verdict form the only fair response was to order a new trial.
¶15 The record is silent as to how or when the post-verdict survey was conducted by the court. We do not know what questions were asked of which jurors or what responses were elicited. We do know that the jury was not polled pursuant to § 46-16-604, MCA, which allows for polling of the jury at the request of either party or upon the court’s own motion. Irrespective of the particulars surrounding the post-verdict survey, Rule 606(b), M.R.Evid., prohibits testimony and affidavits of jurors for the purpose of impeaching the jury’s verdict.
Testimony of the jurors to impeach their own verdict is excluded not because it is irrelevant to the matter in issue, but because experience has shown that it is more likely to prevent than to promote the discovery of the truth. Hence, the affidavit of a juror cannot he admitted to show anything relating to what passed in the jury room during the investigation of the cause, or the effect of a colloquy be *385 tween the court and a juror, or the arguments made to a juror by a fellow juryman.
Boyd v. State Medical Oxygen & Supply, Inc. (1990), 246 Mont. 247, 252, 805 P.2d 1282, 1285-86.
¶16 Rule 606(b) recognizes three exceptions to the rule against allowing jurors to impeach their own verdict. The exceptions allow juror affidavits for purposes of showing (1) whether extraneous prejudicial information was improperly brought to the jury’s attention; or (2) whether any outside influence was brought to bear upon any juror; or (3) whether any juror has been induced to assent to any general or special verdict, or finding on any question submitted to them by the court, by a resort to the determination of chance. Sandman v. Farmers Ins. Exchange, 1998 MT 286, ¶¶ 27-28, 291 Mont. 456, ¶¶ 27-28, 969 P.2d 277, ¶¶ 27-28, in which we held that the exceptions to Rule 606(b) are exclusive and narrowly construed. Since the District Court did not purport to act pursuant to any of the three exceptions to Rule 606(b), we can only conclude that its reliance on the post-verdict survey violated the clear mandate of that rule.
¶17 We hold that the District Court abused its discretion when, in contravention of Rule 606(b), M.R.Evid., it sua sponte granted a new trial based upon its own post-verdict survey of jurors.
¶18 The District Court order vacating Marker’s verdict is reversed and his conviction of aggravated assault by accountability, a felony, is hereby reinstated.
CHIEF JUSTICE TURNAGE and JUSTICE REGNIER concur.

. In 1999 the Montana Legislature amended § 46-16-702(1), MCA, to allow the court to order a new trial either without a motion or after a motion and hearing.