No. 01-878

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 235

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JOHN W. LAWLOR,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill,
Honorable John Warner, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

        Jeremy S. Yellin, Attorney at Law, Fort Benton, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Ilka Becker, Assistant
Attorney General, Helena, Montana

        David Rice, County Attorney; Cyndee Faus, Deputy County Attorney,
Havre, Montana

Submitted on Briefs:  May 9, 2002

Decided:  October 22, 2002

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ 1    The defendant, John W. Lawlor (Lawlor), was charged with "Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, a Fourth or Subsequent Lifetime Offense," in violation of §§ 61-8-401(1)(a), and -731, MCA.  The District Court granted defendant's motion in limine which precluded any reference to Lawlor's three previous DUI convictions during the trial.  Nevertheless, the jury found him guilty.  Lawlor subsequently filed a consolidated motion for a hearing and a new trial in which he alleged that during deliberations one of the jurors offered to other jury members an opinion relating to Lawlor's prior DUI convictions.  After an evidentiary hearing on the matter, the District Court denied Lawlor's request for a new trial and later sentenced Lawlor to six months with the Department of Corrections.   This appeal follows.  We affirm the District Court's ruling.

## Background

¶ 2    On April 13, 2001, Lawlor was charged by information with felony DUI,  failure to have proof of insurance, and driving with a suspended or revoked license.   Lawlor pled guilty to the misdemeanor charges and requested a jury trial for the DUI charge.  Prior to the jury trial, the District Court granted Lawlor's motion in limine which precluded any references to his criminal history, specifically his three prior DUI convictions.  During his trial neither prosecution nor defense referred to Lawlor's criminal history.  Notwithstanding, a jury found Lawlor guilty of felony DUI.

¶ 3    Sometime thereafter Lawlor's counsel contacted jury member Cathy Ann Kiemele (Kiemele) to inquire about the guilty verdict.  Kiemele volunteered that during jury

2

deliberations one of the jury members mentioned this was Lawlor's fourth DUI. Kiemele also stated that she had planned on voting not guilty until she heard the other juror's comment and instead voted guilty. Based on this information, Lawlor filed a consolidated motion for a hearing and a new trial in which he alleged that the jury had received extraneous prejudicial information. Attached to his consolidated motion was Kiemele's affidavit. The State objected to Lawlor's motion, noting that juror affidavits may not be used to impeach a verdict for internal influences on the jury as provided by Rule 606(b), M.R.Evid. The State also moved to have the affidavit stricken.

¶ 4    The District Court held an evidentiary hearing on September 17, 2001. Kiemele testified that during jury deliberations, juror Janet Tretheway (Tretheway) told the other jury members that this was Lawlor's fourth DUI. When other jurors said they had not heard that, Tretheway told them they must have been sleeping. Kiemele testified that Tretheway told them that the prosecutor had mentioned Lawlor's previous DUIs in her opening statement. She also testified that other jurors disagreed with Tretheway and said they did not hear the comment. Kiemele stated that she was going to vote not guilty but changed her vote to guilty because of Tretheway's comment.

¶ 5    Tretheway then testified that during jury deliberations she said that Lawlor obviously had three prior DUIs. She stated that she knew this case had to be a felony or it would not be in district court. Tretheway knew this information because she teaches health classes at a college, and officers had spoken to her classroom about the consequences of DUI. Most

3

importantly, Tretheway testified that she did not know or hear of Lawlor prior to trial, and that she had no knowledge of the case before the trial.

¶ 6     Lawlor's attorney argued that the opinion Tretheway provided to the other jurors was extraneous and prejudicial evidence. The District Court found that no extraneous information was brought into the jury room and denied Lawlor's motion for a new trial and sentenced Lawlor to six months with the Department of Corrections.   Lawlor appeals the District Court's ruling.  We affirm the ruling.

¶ 7     The sole issue presented on appeal is as follows:

Did the District Court abuse its discretion in denying Lawlor's motion for a new trial?

Discussion

¶ 8     We review a district court's denial of a motion for a new trial to determine whether the district court abused its discretion. *State v. Kelman* (1996), 276 Mont. 253, 260, 915 P.2d 854, 859; *State v. Brogan* (1995), 272 Mont. 156, 160, 900 P.2d 284, 286.  Absent an abuse of discretion, this Court will affirm a district court's decision to not grant a motion for a new trial. *Kelman,* 276 Mont. at 260, 915 P.2d at 859; *State v. Hatfield* (1995), 269 Mont. 307, 310, 888 P.2d 899, 901.

¶ 9      Lawlor alleges that the District Court abused its discretion when it denied his motion for a new trial.  The only evidence supporting Lawlor's motion is a juror affidavit; however, Montana law generally forbids the admission of juror testimony for purposes of ordering a new trial.  Rule 606(b), M.R.Evid., provides that a juror may not testify as to what occurred during jury deliberations except when the testimony pertains to: (1) whether extraneous

4

prejudicial information was improperly brought to the jury's attention; (2) whether any outside influence was brought to bear on any juror; or (3) whether any juror was induced to assent to any verdict or finding by resort to the determination of chance. If the information contained in Kiemele's affidavit does not pertain to any of the above three areas, the affidavit will be excluded, leaving Lawlor with no evidence to support his motion for a new trial.

¶ 10 The disallowance of juror testimony regarding deliberations is to ensure that jurors are able to deliberate and make decisions free from frivolous and recurrent invasions of their privacy by disappointed litigants. *State v. Maxwell* (1982), 198 Mont. 498, 505, 647 P.2d 348, 353. As this Court stated in *State v. Marker*, 2000 MT 303, ¶ 15, 302 Mont. 380, ¶ 15, 15 P.3d 373, ¶ 15, "[t]estimony of the jurors to impeach their own verdict is excluded not because it is irrelevant to the matter in issue, but because *experience has shown that it is more likely to prevent than to promote the discovery of the truth*." (quoting *Boyd v. State Medical Oxygen & Supply, Inc.* (1990), 246 Mont. 247, 252, 805 P.2d 1282, 1286). "If jurors were permitted to impeach their own verdicts the door would be thrown wide open to corrupt practices. After their discharge the jurors would be subjected to all sorts of tampering influences to induce them to repent of their decision and endeavor to change or revoke it by making affidavit to real or trumped-up irregularities. Thus there would be no assurance that any verdict, however just, would be final." *Rasmussen v. Sibert* (1969), 153 Mont. 286, 293, 456 P.2d 835, 839; *State v. Gies* (1926), 77 Mont. 62, 64, 249 P. 573, 574.

¶ 11 One exception to the rule against juror testimony hinges on "whether extraneous prejudicial information was improperly brought to the jury's attention." Rule 606(b)(1),

5

M.R.Evid. Where external influence is exerted or external prejudicial information is brought to the jury's attention, juror affidavits can be the basis of overturning the judgment, *State v. Brogan* (1995), 272 Mont. 156, 161, 900 P.2d 284, 287; however, juror affidavits may not be used to impeach a verdict based upon internal influences on the jury such as a mistake of evidence or misapprehension of the law. *Id.* (citing *Harry v. Elderkin* (1981), 196 Mont. 1, 8, 637 P.2d 809, 813). Naturally, Lawlor argues that Tretheway's comments were extraneous prejudicial information and that Kiemele's affidavit should not be excluded. The State counters that the comments constitute an internal influence and therefore do not fall within any exception set forth in Rule 606(b), M.R.Evid. We must therefore determine whether Tretheway's statements were an external or internal influence on the jury.

¶ 12   Examples of impermissible external influence or extraneous information reaching the jury include a juror doing any of the following: telephoning a relative with regard to previous litigation by the plaintiff; visiting the scene of an accident; conducting experiments and telling the jury of his or her findings; receiving evidence outside of court; and bringing a newspaper article into the jury room and showing it to the jury. *See State v. Kelman* (1996), 276 Mont. 253, 262, 915 P.2d 854, 860. Examples of internal influences on the jury include: the jury's use of demonstrative evidence and experimentation with the evidence; pressure by other jurors; and knowledge and information shared from one juror to another or others. *See id.*

¶ 13   Tretheway testified that her comments regarding Lawlor's previous DUI charges derived from her own general knowledge of the criminal justice system. On several

occasions this Court has recognized that "knowledge and information shared from one juror to another or others is not extraneous influence" and that "[j]urors are expected to bring to the courtroom their own knowledge and experience to aid in the resolution of a case." *State v. Hage* (1993), 258 Mont. 498, 509, 853 P.2d 1251, 1257. Lawlor has failed to demonstrate that Tretheway's comment derived from any source other than from her own general knowledge and experience. Therefore, her comment was internal. The fact that Tretheway mistakenly told the other jury members that the prosecution had mentioned Lawlor's DUIs during the trial does not make her comment less internal; a mistake of evidence is an internal influence and may not be used to impeach a verdict. *Brogan*, 272 Mont. at 161, 900 P.2d at 287 (citing *Harry v. Elderkin* (1981), 196 Mont. 1, 8, 637 P.2d 809, 813). The other jury members were free to, and indeed did, disagree with her statement.

¶ 14 Lawlor alternatively asks this Court to adopt a more expansive view of the Rule 606(b) exceptions, citing this author's concurrence in *State v. Kelman* (1996), 276 Mont. 253, 915 P.2d 854, as rationale for his argument. Even if this Court were to adopt the concurrence's position in *Kelman*, Lawlor's argument that Tretheway's comment was external would still fail. In *Kelman* a juror provided the rest of the jury with information about the defendant, in particular that he owned a "strip bar." The majority held that the juror's statement did not qualify as external influence subject to the exceptions of Rule 606(b), M.R.Evid. *Kelman,* 276 Mont. at 262-63, 915 P.2d at 860. The concurrence disagreed stating that "when facts about a party, other than those deemed relevant and admissible at trial, are brought to the jury's attention, those facts are extraneous." *Kelman*, 276 Mont. at

7

263, 915 P.2d at 861. In this case, Tretheway's deduction that Lawlor had previous DUI convictions was not based on any facts or information about Lawlor himself. As the concurrence in *Kelman* noted, "[i]t is one thing for jurors to apply their common sense or knowledge to the facts of the case, as developed by trial. That is the very sort of internal deliberation envisioned by our system of justice." *Id*. The juror in the case at bar did just that: rather than bringing facts about a party to the jury's attention, she applied her knowledge that felony DUIs are tried in district court. Knowledgeable jury members such as Tretheway must not be excluded from being on a jury nor should they be subjected to scrutiny for sharing their knowledge with fellow jury members.

¶ 15 Even though we hold that the District Court erred in considering the juror affidavit in ruling on Lawlor's motion for a new trial, we conclude that the District Court did not abuse its discretion in denying Lawlor's motion for a new trial. In affirming the District Court on this issue, we rely, as we did in *Kelman,* on our determination that the juror statement was not an external influence subject to the exceptions of Rule 606(b), M.R.Evid.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

8