No. 00-798

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 286N

STATE OF MONTANA,

       Plaintiff and Respondent

   v.

KARRI MEDICINE TOP,

       Defendant and Appellant

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and for the County of Big Horn, Cause No. DC 99-10
The Honorable Blair Jones, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Kevin Gillen, Gillen Law Office, Billings, Montana

      For Respondent:

      Mike McGrath, Montana Attorney General, Jim Wheelis, Assistant Montana
Attorney General, Helena, Montana; Christine A. Cooke, Big Horn County
Attorney, Hardin, Montana

Submitted on Briefs:   April 18, 2002

Decided:  October 9, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, and Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Karri Medicine Top, Defendant and Appellant, appeals her conviction of accountability for felony assault in the Twenty Second Judicial District Court, Big Horn County. We affirm.

¶3 We restate the issues on appeal as follows:

¶4 1. Did the District Court err when it denied Medicine Top's motion for directed verdict for failure to prove that there was any weapon?

¶5 2. Did the District Court err when it denied Medicine Top's motions to set aside the verdict and dismiss the action, or set aside the verdict and hold a new trial, because Medicine Top's co-defendant, Gusena Gardner, pled guilty to misdemeanor assault?

**Factual and Procedural Background**

¶6 On January 4, 1999, Priscilla Jefferson (Jefferson) and Barry White Buffalo (White Buffalo) encountered Karri Medicine Top (Medicine Top) and her half-sister, Gusena Gardner (Gardner), near the Methodist Church in Hardin. Subsequently, an altercation occurred between Gardner and Jefferson. It is unclear who provoked the argument but at some point one of the women hit the other one. Thereafter, due to icy conditions, Jefferson and Gardner fell down.

2

¶7     White Buffalo testified that he tried to intervene while the women were on the ground. He further testified that when he tried to stop the fight, Medicine Top tried to engage him in a fight so he left the scene to get the police. Jefferson testified that when White Buffalo left to contact the police, Medicine Top kicked her in the head. However, Medicine Top's and Gardner's testimony paints a different picture. Medicine Top testified that White Buffalo never left to get the police and both Medicine Top and Gardner testified that Medicine Top did not kick Jefferson. Instead, they assert that Medicine Top slipped and fell on the ice when she tried to stop the fight. Medicine Top acknowledged that she might have inadvertently kicked Jefferson when she fell down.

¶8     After the incident, Jefferson went to the emergency room at Bighorn County Memorial Hospital. At the hospital, a physician, Aaron Robert Billin (Billin), saw Jefferson briefly and recommended that she go to the Indian Health Service (IHS) facility because her injuries required the services of a specialist and if she went to the IHS facility, the costs would be covered. Jefferson left the hospital and went to IHS the following afternoon where she remained for one to two days.

¶9     Medicine Top was brought to trial on November 8, 1999, on charges of felony assault or, in the alternative, accountability for felony assault. At the close of the State's case, Medicine Top moved for a directed verdict due to the State's failure to prove that there was any weapon. The court denied this motion and the jury found Medicine Top guilty of accountability for felony assault. On July 17, 2000, Medicine Top moved to set aside the court's verdict on the ground that the jury that heard her case was operating under the

assumption that Gardner had committed felony assault. She maintained that because Gardner was instead convicted of misdemeanor assault, the court should have set aside the verdict and dismissed the action, or in the alternative, the court should have set aside the verdict and held a new trial to decide if Medicine Top was guilty of accountability for misdemeanor assault. The court denied this motion on August 21, 2000. Medicine Top appeals the District Court's denial of her motions to set aside the verdict and dismiss the action, or set aside the verdict and hold a new trial.

## Standard of Review

¶ 10 The standard of review when the district court has denied a motion for a directed verdict and denied a motion for a new trial is whether the court abused its discretion. *State v. Giant*, 2001 MT 245, ¶ 9, 307 Mont. 74, ¶ 9, 37 P.3d 49, ¶ 9 (citing *State v. Cochran*, 1998 MT 138, ¶ 28, 290 Mont. 1, ¶ 28, 964 P.2d 707, ¶ 28); *State v. Marker*, 2000 MT 303, ¶ 13, 302 Mont. 380, ¶ 13, 15 P.3d 373, ¶ 13 (citing *State v. Brommer*, 1998 MT 11, ¶ 46, 287 Mont. 168, ¶ 46, 953 P.2d 250, ¶ 46). No abuse of discretion occurs if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Giant*, ¶ 9 (citing *Cochran*, ¶ 28).

## Discussion

### Issue 1

¶ 11 *Did the District Court err when it denied Medicine Top's motion for directed verdict*

*for failure to prove that there was any weapon?*

¶ 12    Medicine Top argues that she was entitled to a directed verdict because the State did not introduce a weapon into evidence at trial, and as such, there was insufficient evidence to prove felony assault or accountability for felony assault beyond a reasonable doubt. Section 45-5-202(2)(a), MCA (1997), defines felony assault as purposely or knowingly causing "bodily injury to another with a weapon." The State argues that Medicine Top's shoes were the weapon she used in kicking Jefferson in the head. Medicine Top even testified during the defendant's case that she was wearing Nike tennis shoes. And, indeed, we have held that tennis shoes may be a weapon when used to kick an individual. *State v. Mummey* (1994), 264 Mont. 272, 277-78, 871 P.2d 868, 871-72.

¶ 13    "Direct evidence is not necessary to establish the elements of a criminal offense . . . a criminal conviction may be based entirely on circumstantial evidence." *State v. Landis*, 2002 MT 45, ¶ 32, 308 Mont. 354, ¶ 32, 43 P.3d 298, ¶ 32 (citing *State v. Hall*, 1999 MT 297, ¶ 22, 297 Mont. 111, ¶ 22, 991 P.2d 929, ¶ 22). "Circumstantial evidence need only be of sufficient quality and quantity to legally justify a jury in finding guilt beyond a reasonable doubt, taking into consideration all of the facts and circumstances surrounding the charged offense collectively." *Landis*, ¶ 32 (citing *State v. Clausell*, 2001 MT 62, ¶ 31, 305 Mont. 1, ¶ 31, 22 P.3d 1111, ¶ 31). The State presented sufficient evidence that Medicine Top--a two hundred pound woman--was wearing shoes at the time of the assault and had caused Jefferson bodily injury. Jefferson and White Buffalo testified that the road was slippery and icy and that Medicine Top kicked Jefferson. Billin testified that Jefferson

had an "obvious nose fracture, some swelling on her jaw that may have been a jaw fracture, and several small lacerations and abrasions on her face." A photograph in the record, that was an exhibit at trial, also reflects Jefferson's severe facial injuries.

¶ 14 We conclude that, by the time the State rested, and viewing the State's evidence in a light most favorable to the prosecution, any reasonable juror could have found that Medicine Top and Gardner had to have been wearing shoes because of the icy conditions and that one of them kicked Jefferson in the head, causing Jefferson bodily injury. We also note that the motion for directed verdict was made only at the close of the State's case. The only evidence presented at that point was evidence that supported the State's case against Medicine Top. The defense did not renew the motion for directed verdict at the end of all evidence. The District Court correctly denied the motion at the time it was made.

¶ 15 Therefore, we hold that the District Court did not abuse its discretion, and as such, did not err when it denied Medicine Top's motion for a directed verdict for failure to prove there was any weapon.

**Issue 2**

¶ 16 *Did the District Court err when it denied Medicine Top's motions to set aside the verdict and dismiss the action, or set aside the verdict and hold a new trial, because Medicine Top's co-defendant, Gusena Gardner, pled guilty to misdemeanor assault?*

¶ 17 Medicine Top argues that there is no underlying felony to support her conviction of accountability for felony assault because Gardner later pled guilty to a misdemeanor. Medicine Top incorrectly relies on *State v. Henderson* (1994), 265 Mont. 454, 877 P.2d 1013. In *Henderson*, the accountability charge failed because there was insufficient evidence

6

to show that the underlying offense (incest) had occurred. *Henderson*, 265 Mont. at 459, 877 P.2d at 1016. As noted above, due to Jefferson's, White Buffalo's, and Billin's testimony, a reasonable juror could have believed at the close of the State's evidence that there was sufficient evidence to support either the charge of felony assault or accountability for felony assault.

¶ 18    In addition, the argument that a co-defendant's plea to lesser charges vitiates the ability of the State to get a conviction on accountability of a greater charge is incorrect. Section 45-2-303, MCA, provides for a separate conviction of a person accountable and states that

> a person who is legally accountable for the conduct of another which is an element of an offense may be convicted upon proof that the offense was committed and that he was so accountable *although the other person claimed to have committed the offense has not been prosecuted or convicted, has been convicted of a different offense, is not amenable to justice, or has been acquitted.* [Emphasis added.]

This statute applies here.

¶ 19    Accordingly, we affirm the District Court's denial of Medicine Top's motion to set aside the verdict and to dismiss, or in the alternative, for a new trial.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART

7