FILED

August 26 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0234

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 302

CHRISTINA SWEENEY FISH, f/k/a
CHRISTINA A. SWEENEY,

Plaintiff and Appellant,

v.

EVERETT P. HARRIS, H. BRUCE MACLAY
MACLAY and SONS, and MACLAY RANCH,

Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 04-522
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Milton Datsopoulos; Datsopoulos, MacDonald & Lind, P.C.,
Missoula, Montana

Paul T. Ryan; Paul T. Ryan Law Office, Missoula, Montana

For Appellees:

Gary Kalkstein; Kalkstein & Johnson, P.C., Missoula, Montana

Submitted on Briefs:  April 16, 2008

Decided:  August 26, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Christina Sweeney Fish, formerly known as Christina A. Sweeney (Christina), appeals from the post-judgment order entered by the Fourth Judicial District Court, Missoula County, denying her motions for a new trial. We affirm.

¶2    The restated issues on appeal are:

¶3    1. Did the District Court err in denying Christina's motion for a new trial based on an asserted insufficiency of the evidence?

¶4    2. Did the District Court manifestly abuse its discretion by denying Christina's motion for a new trial based on alleged jury misconduct?

## BACKGROUND

¶5    In January of 2002, Christina and Everett P. Harris (Everett) had a two-vehicle accident in Lolo, Montana, at an intersection controlled by a traffic light. Christina was driving a sport utility vehicle. Everett was driving a Peterbilt truck pulling a "pup" trailer in the course of his work for one or more of the defendants Maclay Ranch, Maclay and Sons, or H. Bruce Maclay.

¶6    Christina sued Everett, H. Bruce Maclay and the two Maclay entities. The caption of some documents of record lists Zomer Trucking Company (Zomer) as a defendant. Nothing else of record reflects that Zomer is a party to this case, however, and for that reason we do not address Zomer.

¶7    The case proceeded to a jury trial. The jury awarded damages to Christina, and allocated 40% liability to her and 60% liability to the defendants. The District Court entered

judgment in accordance with the jury's verdict. Christina then filed post-trial motions, including motions for a new trial based on an asserted insufficiency of the evidence and alleged jury misconduct. The District Court denied the motions. We set forth additional facts as necessary below.

## STANDARDS OF REVIEW

¶8      Our standard of review of a trial court's denial of a motion for a new trial depends on the basis of the motion. *State v. Ariegwe*, 2007 MT 204, ¶ 164, 338 Mont. 442, ¶ 164, 167 P.3d 815, ¶ 164 (citing *Giambra v. Kelsey*, 2007 MT 158, ¶¶ 24-27, 338 Mont. 19, ¶¶ 24-27, 162 P.3d 134, ¶¶ 24-27). When the basis of the motion is insufficiency of the evidence, our review is de novo and, like the district court, we determine whether there was substantial evidence to support the verdict. *Giambra*, ¶ 27 (citations omitted). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion; it may be less than a preponderance of the evidence, but must be more than a "mere scintilla." *Upky v. Marshall Mountain, LLC*, 2008 MT 90, ¶ 22, 342 Mont. 273, ¶ 22, 180 P.3d 651, ¶ 22 (citation omitted). When the basis of the motion for a new trial is alleged juror misconduct, we will not disturb a district court's decision absent a manifest abuse of discretion. *See McGillen v. Plum Creek Timber Co.*, 1998 MT 193, ¶ 15, 290 Mont. 264, ¶ 15, 964 P.2d 18, ¶ 15 (citations omitted).

## DISCUSSION

¶9      *1. Did the District Court err in denying Christina's motion for a new trial based on an asserted insufficiency of the evidence?*

¶10      Christina contends the evidence was not sufficient to support the jury's verdict

apportioning 40% of the liability to her. Accordingly, she asserts the District Court erred in denying her motion for a new trial based on insufficiency of the evidence.

¶11 After the close of all evidence, the District Court instructed the jury that a motorist has a duty to look not only straight ahead but also laterally ahead. The instruction also stated that a motorist has a duty to see that which is in plain sight, and cannot escape the penalty of his or her negligence by saying he or she did not see that which was in plain view. Christina objected to this instruction in the District Court—albeit without presenting argument when afforded the opportunity to do so during the settling of jury instructions—but she does not challenge it on appeal. Thus, we review her assertion of insufficiency of the evidence in light of the jury instruction given.

¶12 On direct examination, Christina testified that when she was stopped at the intersection, she observed a pickup truck immediately behind her in her rearview mirror and was "focusing on the car that was across the street, coming at me." On cross-examination, she admitted that, upon entering the intersection, she did not see Everett's truck approaching from the side until almost immediately before impact. The investigating law enforcement officer testified that the intersection was "wide-open" and "no obstructions" would have precluded Christina from seeing Everett's truck. We conclude a reasonable mind could accept the foregoing testimony as adequate to support a conclusion that, as contemplated in the jury instruction, Christina did not look laterally—as well as straight—ahead or see that which was in plain view. *See Upky*, ¶ 22. Having so concluded, we need not address Christina's challenges to other aspects of the evidence.

4

¶13 We hold that substantial evidence supports the jury's verdict and, therefore, the District Court did not err in denying Christina's motion for a new trial based on insufficiency of the evidence.

¶14 ***2. Did the District Court manifestly abuse its discretion by denying Christina's motion for a new trial based on alleged jury misconduct?***

¶15 In support of her motion for a new trial based on jury misconduct, Christina submitted the affidavit of juror Wade Street. Street averred, among other things, that fellow juror Lynne Marie Schoonover disrupted the deliberation process with false statements and accusatory language, including statements that Christina failed to react when a courtroom door slammed on her injured arm and that Christina's lawyers bought a medical expert a Toyota. The defendants responded, and submitted Schoonover's affidavit regarding her remarks during jury deliberations.

¶16 Advancing *State v. Brogan*, 272 Mont. 156, 160-61, 900 P.2d 284, 287 (1995), Christina asserts juror affidavits may be used to overturn a judgment if "extraneous prejudicial information" is improperly brought to the jury's attention, as contemplated in M. R. Evid. 606(b). She further posits that Schoonover's alleged comments were extraneous or external in nature, as opposed to an internal influence.

¶17 The provisions in M. R. Evid. 606(b) for challenging a jury verdict via juror testimony, including the "extraneous prejudicial information" provision, are exclusive and narrowly construed. *Stockman Bank of Montana v. Potts*, 2006 MT 64, ¶ 66, 331 Mont. 381, ¶ 66, 132 P.3d 546, ¶ 66 (citation omitted). Regarding the alleged door-slamming comment, Christina observes Street's affidavit states that Schoonover was the only juror who saw the

5

incident. Notwithstanding, and absent adequately-supported argument to the contrary, we conclude that a juror's alleged observation of an event in the courtroom cannot properly be characterized as "extraneous."

¶18    Regarding Schoonover's alleged comment that plaintiff's counsel purchased a Toyota for a medical expert, the only portion of Street's affidavit suggesting this was "extraneous" information is his statement that "[c]learly, there was no evidence of any kind that this had occurred." In prior cases, however, we have concluded that jurors' statements during deliberations regarding matters not in evidence were internal influences, as opposed to external influences or extraneous information. *See e.g. Williams Feed, Inc. v. State, Dept. of Trans.*, 2007 MT 79, ¶¶ 30-31, 336 Mont. 493, ¶¶ 30-31, 155 P.3d 1228, ¶¶ 30-31, *overruled on other grounds by Giambra*, ¶ 27; *State v. Lawlor*, 2002 MT 235, ¶ 13, 311 Mont. 493, ¶ 13, 56 P.3d 863, ¶ 13; *State v. Kelman*, 276 Mont. 253, 262-63, 915 P.2d 854, 860 (1996). We need not discuss the details of our prior cases because, on appeal, Christina neither analogizes Schoonover's alleged comment to, nor distinguishes it from, any specific juror comments addressed in our jurisprudence. We conclude Christina has failed to establish that Schoonover's alleged Toyota-related comment was "extraneous."

¶19    We observe most of Christina's arguments on this issue relate to Street's averments regarding his opinions, including that "[f]rom the beginning to the end of deliberations, [Schoonover] attempted to influence the outcome . . . with false statements and accusatory language." From these statements in Street's affidavit, Christina's attorneys argue on appeal that Schoonover "consciously and intentionally attempted to influence the outcome."

6

Christina having failed to establish Schoonover's alleged comments were "extraneous," we decline to address these arguments regarding Street's opinions and characterizations of Schoonover's conduct.

¶20     In denying Christina's motion for a new trial, the District Court did not expressly address M. R. Evid. 606(b) or whether the alleged comments at issue involved "extraneous prejudicial information." It determined, based in part on Schoonover's affidavit, that Schoonover's comments during deliberations pertained to matters she observed at trial. In this regard, we observe Christina's counsel remarked during opening statements that a medical expert for Christina would receive $12,000 per day to testify—a remark supporting Schoonover's averment that she did not intend her comment regarding a Toyota purchase to be taken literally. In any event, our conclusions that the alleged comments at issue were not "extraneous" are consistent with the District Court's determination that Schoonover's comments pertained to matters she observed at trial.

¶21     We hold the District Court did not manifestly abuse its discretion by denying Christina's motion for a new trial based on alleged juror misconduct.

¶22     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS