DA 12-0773

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 259N

JEROME ANDERSON,

      Plaintiff and Appellant,

  v.

LARRY ELLER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV-08-1307
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Douglas C. Allen; Attorney at Law; Cut Bank, Montana

      For Appellee:

          Paul R. Haffeman; Davis, Hatley, Haffeman & Tighe, P.C.;
Great Falls, Montana

Submitted on Briefs:  August 14, 2013

Decided:   September 10, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is a personal injury claim stemming from a motor vehicle accident that occurred in Cascade County on October 3, 2005. After three days of trial, a jury returned a verdict that Defendant/Appellee Larry Eller ("Eller") did not cause any injury to Plaintiff/Appellant Jerome Anderson ("Anderson") when Eller backed his pickup truck into Anderson's car. Anderson filed a motion for new trial, citing insufficiency of the evidence, which was deemed denied by operation of law. We affirm the judgment entered by the District Court on the verdict and the District Court's denial of Anderson's motion for new trial.[1]

¶3 On October 3, 2005, Anderson was stopped behind Eller at the intersection of River Drive North and 25th Street, in Cascade County. Eller was driving a 1999 Ford pickup truck and Anderson was driving a 1985 Subaru car. Both were waiting for a vehicle stopped ahead of Eller to enter River Drive. Eller testified that he shifted into reverse, took his foot off the brake, and was reaching down to put his foot on the gas when he heard a "honk" and a "crunch," indicating he had backed into Anderson's vehicle. Eller's vehicle had moved approximately three feet and was traveling at a very

---

[1] The District Court did not rule on Anderson's motion; thus, the motion was "deemed denied" by operation of law on December 1, 2012. M. R. Civ. P. 59(f).

2

low speed. The trailer hitch of Eller's vehicle went through the radiator of Anderson's vehicle, but the body of Eller's vehicle itself never touched Anderson's vehicle. Eller testified he did not feel anything and there was no property damage to his vehicle. Eller admitted that his negligence was the sole cause of the accident.

¶4 The jury was instructed by the District Court that "the accident occurred as a result of Defendant Larry Eller's negligence which was the sole cause of the accident." Accordingly, the only issue submitted to the jury on the verdict sheet was whether Eller's negligence caused injury to Anderson and, if so, what were the amount of damages. The jury returned a verdict that Eller's negligence did not cause any injury to Anderson. Anderson argues that the evidence of his injuries resulting from the accident was uncontradicted by Eller and that there was therefore insufficient evidence to justify the verdict. Anderson contends that the District Court erred in denying his motion for new trial.

¶5 This Court's review of a district court's decision on a motion for new trial where the basis of the motion is insufficiency of the evidence is de novo. *Styren Farms, Inc. v. Roos*, 2011 MT 299, ¶ 11, 363 Mont. 41, 265 P.3d 1230. Like the district court, we determine whether there was substantial evidence to support the verdict. *Renville v. Taylor*, 2000 MT 217, ¶ 14, 301 Mont. 99, 7 P.3d 400. "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion; it may be less than a preponderance of the evidence, but must be more than a 'mere scintilla.' " *Fish v. Harris*, 2008 MT 302, ¶ 8, 345 Mont. 527, 192 P.3d 238 (quoting *Upky v. Marshall Mountain, LLC,* 2008 MT 90, ¶ 22, 342 Mont. 273, 180 P.3d 651).

3

¶6     Anderson's only expert witness was Dr. Michael Luckett.  Dr. Luckett, who has a general practice of orthopedics with Great Falls Orthopedic Associates, was questioned regarding Anderson's injury and the causation between the accident and Anderson's injury.  Anderson saw Dr. Luckett twice between the timeframe of the 2005 accident and trial on August 24, 2012.  Ultimately, Dr. Luckett opined that Anderson "had suffered a sprain–strain of the midthoracic and thoracal lumbar junction of the spine.  And that he had aggravated a preexisting, developmental degenerative condition, called Scheuermann's Kyphosis."  Dr. Luckett explained that Anderson was affected by Scheuermann's disease primarily in the thoracic spine.  This was the same area that was symptomatic, as related by Anderson, to the motor vehicle accident.  Significantly, Dr. Luckett's opinion was "based on the history of onset" as attributed to him by Anderson.  Dr. Luckett knew nothing about Anderson's treatment for pain by Dr. R. A. Reynolds, a chiropractor, for several years prior to the accident, nor did Anderson call Dr. Reynolds to testify regarding Anderson's chiropractic treatment both before and following the accident.

¶7     The jury heard evidence that Dr. Luckett opined, first, that he could not attribute Anderson's symptoms to his motor vehicle accident on a more probable than not basis.  The jury subsequently heard from Dr. Luckett that, following a meeting with Anderson's lawyer, his opinion changed to one of Anderson having suffered a mid-thoracic sprain as a result of the accident.  Specifically, a report issued April 5, 2012, by Dr. Luckett, and admitted into evidence, stated:

4

I cannot conclude on a more probable than not basis that Mr. Anderson's current symptoms are clearly related to his motor vehicular accident as the predominant cause. I think that it is more likely that he did have aggravation of symptoms. However, he had preexisting degeneration that likely would have become symptomatic at some point in time.

¶8 Dr. Luckett subsequently issued a letter dated May 18, 2012, which was also admitted into evidence, indicating his previous causation opinion was incorrect because he had "overlooked the fact that my past records indicated Jerome Anderson had no prior spinal related symptoms before his automobile accident." Dr. Luckett explained at trial that "Scheuermann's Kyphosis is *not symptomatic* and is primarily a *cosmetic* deformity." (Emphasis added.) Somewhat inconsistently, however, Dr. Luckett also testified that the automobile accident aggravated a preexisting condition "because Scheuermann's Kyphosis is associated with *degeneration*, and a traumatic event would be more likely to cause symptoms in a *degenerative* spine than in a nondegenerative spine." (Emphasis added.) The defense presented no expert testimony.

¶9 As previously stated, we review a jury's verdict in a civil case to determine whether substantial credible evidence in the record supports the verdict. We have explained:

It is not our function to agree or disagree with the jury's verdict and, consequently, if conflicting evidence exists, we do not retry the case because the jury chose to believe one party over the other. . . . [I]n reviewing the sufficiency of the evidence to support a jury verdict, we review the evidence in a light most favorable to the prevailing party.

*Magart v. Schank*, 2000 MT 279, ¶ 4, 302 Mont. 151, 13 P.3d 390 (citations omitted).

¶10 Anderson's argument that there is insufficient evidence to support the jury's failure to find injury causation is based primarily on his contention that Dr. Luckett's

5

testimony was not controverted by an expert witness for the defense. We addressed a similar scenario in *Clark v. Bell*, 2009 MT 390, 353 Mont. 331, 220 P.3d 650, where the jury returned a defense verdict based on a finding that there was no causation between the defendant's negligence and the injury. Clark similarly had a preexisting injury and was claiming a new injury. There, we affirmed the district court's denial of a post-trial motion for judgment as a matter of law which was premised upon a claim that the plaintiff's evidence of injury was uncontroverted. We held in *Clark*:

> Clark also argues that because Bell presented no direct evidence from lay or expert witnesses, her causation evidence was unchallenged and she was entitled to judgment as a matter of law. However, as in *Ele* [*v. Ehnes*, 2003 MT 131, 316 Mont. 69, 68 P.3d 835], Bell challenged Clark's evidence through cross-examination. The jury was entitled to weigh that evidence and determine its credibility against Clark's evidence. "[E]ven if uncontradicted direct testimony is admitted, the jury is entitled to weigh that testimony against adverse circumstantial evidence and other factors which may affect the credibility of the witness." *Ele*, ¶ 32 (citation omitted). Thus, the District Court properly denied Clark's motion for judgment as a matter of law on causation, leaving the question to the jury.

*Clark*, ¶ 27.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶12 The evidence in the record before us establishes that Anderson's claim stems from a motor vehicle accident that had very little property damage, occurred at low speeds, and with very little impact. Anderson initially told Eller and law enforcement officers at the scene that he was fine. He did not seek medical treatment for four days following the accident. Anderson's sole expert witness testified to a preexisting condition and could not initially conclude that the accident caused Anderson's ongoing complaints. This

6

expert subsequently redacted his opinion indicating that he had overlooked certain aspects of Anderson's medical records relating to prior treatment. The expert saw Anderson only twice during a seven-year period. Other evidence from lay witnesses as well is present in the record which supports the jury's verdict. Given consideration of the record as a whole, we hold that there was substantial evidence for a jury to conclude that Anderson did not prove injury resulted from his automobile accident with Eller. We further hold that the District Court properly denied Anderson's motion for a new trial.

¶13 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE